IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GOLD LINE REFINING, LTD., through its trustee Ben B. Floyd, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 98-543 C (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO MODIFY THE JUNE 9, 2003 SCHEDULING ORDER TO ENLARGE THE TIME FOR DEFENDANT TO COMPLETE DISCOVERY

Pursuant to rules 6.1 and 7(b) of the rules of this Court, defendant, the United States, respectfully requests the Court to modify the June 9, 2003 scheduling order to provide a nine-month enlargement of time, to and including September 5, 2004, within which defendant may complete discovery. Pursuant to the June 9, 2003 scheduling order, discovery is currently scheduled to be completed by December 5, 2003. The June 9, 2003 order followed the parties' joint request to enlarge by six months the previously scheduled discovery period. Counsel for Gold Line Refining, Ltd., has indicated that Gold Line will oppose this motion.

The requested enlargement of time is necessary because plaintiff's expert, Baker & O'Brien, has resisted our efforts to discover pertinent information regarding how Baker & O'Brien values refined petroleum products. The delay caused by that resistance is now approaching six months and has not yet been fully resolved. Because, as outlined below, counsel for the parties have been continually discussing the situation and we have been making progress towards resolution, we have not

requested the Court to intervene. We continue to believe that the parties can resolve the matter without the intervention of the Court, but the delay will severely prejudice defendant if the time for defendant to complete discovery is not enlarged sufficiently to overcome the delay. Further, until we received the October 28, 2003 letter from Gold Line's counsel stating that Gold Line would oppose a request for an enlargement of time, we understood from our continuing discussions that once the parties had reached some resolution of the discovery issues and fashioned a plan for completing discovery, the parties would jointly advise the Court of the situation and the efforts undertaken to resolve it, and request an enlargement of time sufficient, in light of the delay, for defendant to complete discovery.

The information requested from Baker & O'Brien is necessary for us to evaluate Baker & O'Brien's valuation of the jet fuel involved in this case and to depose the three individuals from Baker & O'Brien responsible for Baker & O'Brien's reports in this case. Without the requested information, we will be prejudiced in those efforts, and if we cannot properly evaluate Baker & O'Brien's valuation of the jet fuel involved in this case and prepare to depose the three individuals from Baker & O'Brien responsible for Baker & O'Brien's reports in this case, defendant will be severely prejudiced in our preparation and presentation of its defense in this case.

As the parties stated to the Court in their June 4, 2003 joint motion to modify the pre-trial schedule, the United States,

on April 11, 2003, had served its second requests for production of documents, which were focused exclusively upon Gold Line's three witnesses from Baker & O'Brien. Gold Line's responses to those requests were due May 12, 2003. As of June 4, 2003, Gold line had not responded, and the parties explained to the Court that this had prevented the scheduling of the depositions of the Baker & O'Brien witnesses. Gold Line's failure to respond timely to our discovery requests, preventing the scheduling of the three witnesses from Baker & O'Brien, was one of the reasons that the parties, on June 4, 2003, requested the Court to enlarge the discovery period by six months to the current date of December 5, 2003.

Gold Line did not respond to our April 11, 2003 discovery requests until June 25, 2003, when it produced some documents, and June 27, 2003, when it provided its written responses to our requests. Attachment 1. A crucial and essential component of our April 11, 2003 discovery requests was to obtain information about how Baker & O'Brien had valued fuel in previous studies or projects. Both before and after Gold Line responded, counsel for the parties discussed, among other issues relating to our discovery requests, limiting our requests for information from Baker & O'Brien regarding "the value or price of fuel" by agreeing that "fuel" meant "[liquid] petroleum fuels (e.g., jet fuel, gasoline, diesel, heating oil, and similar products)" and that we were seeking information regarding the "basis, methodology, and conclusions regarding the valuation of petroleum

fuels." See Attachment 2. We also agreed that Gold Line need not provide all of the documents involved in a study or project but could provide those portions of the documents that contained the information on the value or price of fuel as we had agreed to define it.

On July 8, 2003, we advised Gold Line's counsel of the many deficiencies in Gold Line's June 27, 2003 responses. Attachment 3. Two of those deficiencies, in particular, are sufficient to provide a basis for this motion. The first deficiency that we identified was that Gold Line had limited its responses to only jet fuel, excluding all other petroleum products, despite the parties' prior discussions that all liquid petroleum products were to be included and the fact that Baker & O'Brien had relied upon a product other than jet fuel to value Gold Line's jet fuel for this case.[1] Second, Gold Line had provided only one-line summaries rather than the portions of the studies or projects that involved the value or price of petroleum fuels. We provided Gold Line with a list of 32 projects identified upon Baker & O'Brien's website that appeared to involve the valuation of fuel as we had agreed to define "fuel," indicating that the attached list was not intended to limit our requests to the items listed but to emphasize that Gold Line has failed to respond properly to our requests. Attachment 3 at 1-2.

---

[1] Responding to comparable requests from Gold Line, the Government provided from its expert portions of studies that valued many types of petroleum products, not only jet fuel.

Discussions between counsel continued, and during August and September, Gold Line sporadically provided additional information and documents to address some of the response deficiencies that we had identified. As to information regarding its valuation or pricing of liquid petroleum fuels in prior studies, however, Baker & O'Brien continued to resist producing responsive information. Baker & O'Brien was concerned about the burdensomeness of reviewing its records to determine which files may contain responsive information. Of course, the primary focus of the discussions between counsel had been to limit the requests to relieve the burden as much as practicable. Baker & O'Brien was concerned also about protecting the confidentiality of some of the information, most particularly the identity of clients. We assured counsel that we would be willing to enter into an appropriate protective order designed to protect any confidential material or information produced.

By letter dated October 2, 2003, as supplemented by an October 9, 2003 letter, counsel for Gold Line proposed, in accordance with the continuing discussions of counsel, that Baker & O'Brien would produce for our inspection a "representative sample" of responsive documents, subject to the protections outlined by counsel, including the Court's entering a protective order under rule 26(c). Attachments 4 and 5. We have responded indicating general agreement with counsel's proposal, and Gold Line's counsel submitted for our review and comments a draft protective order. We have commented upon that draft, and counsel

for Gold Line is preparing a revised draft.

Thus, we are just now beginning the discovery that we expected to begin in May 2003 (and hoped to complete by December 2003), with Baker & O'Brien offering only a "representative sample" of responsive documents that we must travel to Dallas to inspect. Following our inspection, assuming that the Court has entered the protective order, Baker & O'Brien will need to perform the redactions deemed necessary to protect confidential information. After the redactions have been accomplished and we have finally obtained the documents that we select from the offered "representative sample," we must, with the assistance of our expert, analyze the information that we have obtained to determine whether it is sufficient for our purposes or whether we must re-negotiate to obtain additional responsive documents. Only after we have obtained and analyzed an adequate collection of the responsive documents will we be able to prepare to take the necessary depositions. The depositions, of course, may prompt additional discovery requests, especially considering the resistance we have encountered to date. Further, we have been advised recently that a significant portion of the "representative sample" involves records that are available upon only obsolete electronic media; we have not yet begun to negotiate as to how this information will be handled.

We are entitled to conduct proper discovery. We should not be denied discovery because Gold Line, through Baker & O'Brien, has resisted and delayed producing information responsive to our

discovery requests. We are now almost six months removed from when Gold Line should have produced the information requested. Only some responsive information is being made available. Further delay will be encountered before we will actually obtain the information so that we may use it to prepare for necessary depositions and to prepare the defense in this case. The parties originally anticipated that discovery could be completed in six months. In light of the resistance encountered to date, we now believe that a better estimate of the time to complete discovery will be another nine months from when we finally obtain the first installment of the requested Baker & O'Brien information.

For the foregoing reasons, we respectfully request the Court to modify the current schedule to enlarge the time for defendant to complete discovery by nine months, to and including September 5, 2004.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor

OF COUNSEL:

BERNARD A. DUVAL
Counsel
HOWARD KAUFER
Assistant Counsel
Office of Counsel

Defense Energy Support Center
Fort Belvoir, VA

1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972

Attorneys for Defendant

November 3, 2003

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2003, a copy of the foregoing document, "DEFENDANT'S MOTION TO MODIFY THE JUNE 9, 2003 SCHEDULING ORDER TO ENLARGE THE TIME FOR DEFENDANT TO COMPLETE DISCOVERY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Reginald T. Blades, Jr.