BASTIANELLI, BROWN & KELLEY
CHARTERED
TWO LAFAYETTE CENTRE
1133 21ST STREET, N. W.
SUITE 500
WASHINGTON, D. C. 20036
(202) 293-8815

ADRIAN L. BASTIANELLI, III
J. MITCHELL BROWN *
PHILIP R. CROESSMANN *
JAMES A. KELLEY *
CHARLES M. REIFEL
RICHARD W. SCHWARTZMAN
GEORGE W. STIFFLER
DONALD A. TOBIN
RONALD H. USCHER *
NICK R. HOOGSTRATEN +
LORI ANN LANGE +
TINA S. TISINGER

*ALSO ADMITTED IN VIRGINIA
+ALSO ADMITTED IN MARYLAND

ALSO OFFICES IN
BALTIMORE, MARYLAND
(410) 837-5206 AND
ALEXANDRIA, VIRGINIA
(703) 549-7016

FACSIMILE
(202) 293-7994

bbk@govconlaw.com

2003 JUL -1 P 1:41

June 27, 2003

**BY TELECOPY (202) 307-0972 AND BY MAIL**

Reginald T. Blades, Jr., Esquire
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 12130
Washington, DC 20530

RE: *Gold Line Refining, Ltd. v. United States*, No. 98-543-C

Dear Reggie:

Enclosed is Plaintiff's Response To Defendant's Second Request (April 11, 2003) For Production of Documents ("Second Request").

On June 25, 2003 documents responsive to Defendant's Second Request were delivered to your office. The bulk of these documents (six loose leaf binders) relate to Second Request Numbers 6 and 15 for Mr. Chapman's publications and presentations. Rather than copy the entire contents of each large binder, Plaintiff furnished its only copy of each binder for your inspection.

I will call to arrange the return of these binders to Plaintiff. Please call if you have any questions.

Very truly yours,

Ronald H. Uscher

1 encl.

cc: Howard Kaufer, Esq. (w. encl.)
Assistant Counsel
Defense Energy Support Center

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GOLD LINE REFINING, LTD.,<br>through its trustee Ben B. Floyd,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 98-543C<br>(Judge Hewitt) |

PLAINTIFF'S RESPONSE TO DEFENDANT'S
SECOND REQUEST (APRIL 11, 2003) FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 33 and 34 of the Rules of the United States Court of Federal Claims, Plaintiff submits its Response to Defendant's Second Request For Production of Documents of April 11, 2003.

Plaintiff reserves the right to supplement its responses, including any objections that may be applicable, based upon any additional information that may be discovered subsequent to this Response.

GENERAL OBJECTIONS AND QUALIFICATIONS

Plaintiff asserts and incorporates by reference the following general objections to Defendant's document requests as though they are set forth in full in each response:

1. Plaintiff objects to the extent defendant's definitions exceed the requirements of the Rules of the United States Court of Federal Claims.

2. Plaintiff objects to the requests upon the grounds and to the extent that, by them, Defendant seeks to have Plaintiff draw certain legal conclusions and/or conclusions as to the legal significance of certain information or documents which is not the purpose of discovery requests.

3. Plaintiff objects to Defendant's requests to the extent that any of them seek documents protected by the attorney-client privilege, the deliberative process privilege, or any other evidentiary privilege, or are protected from disclosure under applicable law, including the Privacy Act of 1974, 5 U.S.C. § 552 a, or the work product protection.

4. Plaintiff objects to Defendant's requests upon the grounds and to the extent that, by them, Defendant seeks from Plaintiff documents prepared or developed in anticipation of litigation or for trial when Defendant has not shown that it has substantial need for such materials in the preparation of its case in that Defendant is unable, without undue hardship, to obtain the substantial equivalent of such information by other means.

5. Plaintiff objects to Defendant's requests upon the grounds and to the extent that, by them, Defendant seeks the discovery of documents that are irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

6. Plaintiff objects to Defendant's requests upon the grounds that the manner in which they are worded, when read with their definitions, are so vague, broad, general, and all inclusive that they do not permit a proper or reasonable response and are, therefore, unduly burdensome and oppressive.

7. Plaintiff objects to Defendant's requests to the extent that, when read with other discovery requests, they are unreasonably cumulative or duplicative.

8. Plaintiff objects to any inference that can be drawn from any portion of the discovery requests, or these responses to them, that the information requested or events referred to in the requests actually exist or occurred. The failure to object to each such inference in no way constitutes an admission by Plaintiff that such information exists or that such events actually occurred.

9. Without waiving the above objections, Plaintiff will provide only relevant, non-privileged documents currently available to it, subject only to the requirements for supplementation of responses contained in Rule 26(e).

10. Plaintiff's responses are based upon the present knowledge of, and information provided to, counsel. Discovery proceedings are continuing, and Plaintiff will provide additional non-privileged information responsive to these requests as it becomes known and available to counsel. In addition, Plaintiff reserves the right to assert legal or factual contentions, including any applicable objections, not set forth in its present responses.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

1. Request No. 1

All documents reviewed, considered, or relied upon in any way by Baker and O'Brien in connection with its work relating to any issue in this case, including, without limitation, any documents reviewed, considered, or relied upon in forming any opinions or reaching any conclusions relating to any issue.

Response to Request No. 1

Plaintiff's June 13, 2000 Amended Reply To Defendant's First Set of Interrogatories And Requests For Production of Documents (Reply No.20) concerns PMM prices and the value of JP-8. Plaintiff's June 13, 2000 Reply identified and produced several documents, now in the government's possession, that were also reviewed or considered by Baker & O'Brien in connection with its work on this case. These documents included: (1) Military Specification MIL-T-83133D (January 29, 1992) for JP-8 and (2) ASTM test methods and specifications for JP-8, Jet-A, and/or Jet A-1 for flash point, filtration time, freeze point, particulate matter, acid number, additives and thermal stability.

Plaintiff's June 13, 2000 Amended Reply To Defendant's First Set of Interrogatories And Requests For Production of Documents (Reply No. 36) concerns how the fair market value of JP-8 was determined. Plaintiff's June 13, 2000 Reply identified and produced several documents, now in the government's possession, that were also reviewed or considered by Baker & O'Brien in connection with its work on this case. These documents included: (1) Gold Line's May 31, 1995 claim; (2) Gold Line's May 28, 1997 amended claim; and (3) DESC's July 1, 1997 decision denying Gold Line's amended claim.

In the course of this litigation Baker & O'Brien prepared two expert declarations and two expert reports as follows:

1. McCormick Declaration of May 15, 2002

2. Supplemental McCormick Declaration of June 26, 2002

3. Economic Damages In The Case of *Gold Line Refining, Ltd. v. United States*, (February 2003).

4. Rebuttal Report In The Case of *Gold Line Refining, Ltd. v. United States,* (April 2003).

Mr. McCormick also reviewed and considered expert reports and/or testimony in the Barrett Refining and Pride Companies litigations.

Finally, on June 25, 2003 Plaintiff delivered additional responsive documents to defendant. Currently, no other documents are responsive to this request. However, Baker & O'Brien, Inc., continues to do work in connection with this case and may review, consider, or rely upon additional documents, data, or information in connection with their continuing additional work.

2. Request No. 2

All documents comprising, evidencing, or referring or relating to, any data or other information reviewed, considered, or relied upon in any way by Baker & O'Brien in the process of forming any opinions or reaching any conclusions relating to any issue in this case.

Response to Request No. 2

See No. 1 above.

3. Request No. 3

All documents comprising, evidencing, or referring or relating to, any and all agreements that Baker O'Brien may have with Gold Line or Gold Line's counsel regarding its work relating to any issue in this case.

Response to Request No. 3

These documents were produced to defendant on June 25, 2003.

4. Request No. 4

All documents comprising, evidencing, or referring or relating to, any and all invoices, statements, bills, or other records (including, without limitation, all attachments to such documents) that Baker & O'Brien may have submitted to Gold Line or Gold Line's counsel for services rendered or to be rendered relating to any issue in this case.

Response to Request No. 4

These documents were produced to defendant on June 25, 2003.

5. Request No. 5

The *curriculum vitae*, resume, or other statement of the professional qualifications, background, or experience, including representative engagements, of Dennis J. McCormick, John G. Chapman, and Dileep N. Sirur, and anyone working with or for any of them in connection with the work relating to any issue in this case.

Response to Request No. 5

These documents were produced to defendant as part of the expert declarations and expert reports referred to in No. 1, above. Additional documents were produced to defendant on June 25, 2003.

6. Request No. 6

All publications written by Dennis J. McCormick, John G. Chapman, and Dileep N. Sirur, and anyone working with or for any of them in connection with this case, within the last 15 years.

Response to Request No. 6

Objection. This request exceeds the requirements of Rule 26 (a) (2) of the Rules of the United States Court of Federal Claims for the disclosure of expert testimony and limiting the time periods for production of publications (10 years) and testimony (4 years).

Without waiving any objection(s), responsive documents were produced to defendant on June 25, 2003.

7. Request No. 7

Documents sufficient to show all cases in which Dennis J. McCormick, John G. Chapman, and Dileep N. Sirur, and anyone working with or for any of them in connection with any issue in this case, has testified at trial or by deposition, or has submitted an affidavit, declaration, or other writing regarding the subject matter of his or her expertise, within the last 15 years.

Response to Request No. 7

Objection. This request exceeds the requirements of Rule 26 (a) (2) of the Rules of the United States Court of Federal Claims for the disclosure of expert testimony and limiting the time periods for production of publications (10 years) and testimony (4 years).

Without waiving any objection(s), responsive documents were produced to defendant on June 25, 2003.

Without waving any objection(s), Mr. McCormick offered testimony in the following proceeding:

a. 1987-1988 proceedings before EPA and eventually in federal court. This was an environmental matter concerning Wyoming Refining Company.

b. 1988 - 1989 environmental litigation before the Department of Environmental Quality for the State of Wyoming and state courts.

c. 1993 proceeding before the Wyoming Public Utilities Commission in a matter concerning industrial electricity rates.

d. 1996 proceeding before the U.S. Department of Interior, Minerals Management Service and Congressional subcommittees concerning small refiner royalty oil programs.

e. 1998 - 2002 proceeding before the Armed Services Board of Contract appeals concerning the convenience termination of two Wyoming Refining Company DESC contracts.

Mr. McCormick retained no documents from these proceedings.

8. Request No. 8

All affidavits, declarations, or other writings regarding any economic price adjustment clauses, fuel bidding, fuel price, or fuel value that Dennis J. McCormick, John G. Chapman, and Dileep N. Sirur, and anyone working with or for any of them in connection with any issue in this case, has submitted in connection with any case within the last 15 years.

Response to Request No. 8

See No. 7 above.

9. Request No. 9

All Baker & O'Brien documents that contain a discussion or assumption as to the value or price of fuel.

Response to Request No. 9

See No. 1 above.

However, to protect the privacy of Baker & O'Brien's clients and to preserve the confidentiality of any proprietary information, neither the list produced by Plainiff of Baker & O'Brien's projects/reports, nor excerpts from any projects/ reports, identify specific clients. The list identifies: (1) Baker & O'Brien project numbers; (2) year; (3) location; (4) project type; (5) product and (6) pricing basis.

10. Request No. 10

All Baker & O'Brien documents that mention, contain a discussion of, or otherwise address methodologies for determining the value or price of fuel.

Response to Request No. 10

See No. 9 above.

11. Request No. 11

All refinery operating and marketing plans developed or reviewed by Dennis J. McCormick, referred to on page 2 of "Qualifications of Dennis J. McCormick" contained in the Baker & O'Brien report submitted in this case.

Response to Request No. 11

Mr. McCormick retained no documents.

12. Request No. 12

All documents regarding any economic price adjustment clauses, fuel bidding, fuel price, or fuel value that Dennis J. McCormick prepared, produced, authored, developed, reviewed, or contributed to, including, but not limited to, any documents from when he worked for Wyoming Refining Company or Hamilton Group.

Response to Request No. 12

Mr. McCormick retained no documents.

13. Request No. 13

All documents concerning Dennis J. McCormick's work as a consultant for a major petroleum distribution company considering an aggressive business expansion, including, but not limited to, the numerous studies he directed and actions he recommended, as referred to on page 2 of the "Resume" of Dennis J. McCormick contained in the Baker & O'Brien report submitted in this case.

Response to Request No. 13

These documents were produced to defendant on June 25, 2003.

14. Request No. 14

All of Dennis J. McCormick's documents that include a discussion or assumption of the value of fuel, including, but not limited to, those documents listed on pages 3 and 4 of the "Resume" of Dennis J. McCormick contained in the Baker & O'Brien report submitted in this case.

Response to Request No. 14

No documents have been retained.

15. Request No. 15

All presentations of John G. Chapman, including, but not limited to, the presentations listed in his resume contained in the Baker & O'Brien report submitted in this case.

Response to Request No. 15

Objection. This request exceeds the requirements of Rule 26 (a) (2) of the Rules of the United States Court of Federal Claims for the disclosure of expert testimony and limiting the time periods for production of publications (10 years) and testimony (4 years).

Without waiving any objection(s), responsive documents were produced to defendant on June 25, 2003.

16. Request No. 16

All documents regarding any economic price adjustment clauses, fuel bidding, fuel price, or fuel value that John G. Chapman prepared, produced, authored, developed, reviewed, or contributed to, including, but not limited to, any documents from when he worked for The Tosco Corporation or Unocal.

Response to Request No. 16

Objection. Any such documents are the property of Tosco or Unocal. Mr. Chapman's separation agreement with Tosco prohibits release of any such materials as they contain confidential and proprietary business information. Moreover, this request exceeds the requirements of Rule 26 (a) (2) of the Rules of the United States Court of Federal Claims for the disclosure of expert testimony.

17. Request No. 17

Copies of each of the monthly "Aviation Fuels Economic Analysis" prepared by John G. Chapman for an international airline, referred to on page 2 of "Qualifications of John G. Chapman" contained in the Baker & O'Brien report submitted in this case.

Response to Request No. 17

Objection. Such documents are the property of Mr. Chapman's client. They contain confidential and proprietary business information and analysis. Moreover, this request exceeds the requirements of Rule 26 (a) (2) of the Rules of the United States Court of Federal Claims for the disclosure of expert testimony.

18. Request No. 18

Copies of the supply chain study for a nationwide wholesaler of jet fuel and aviation gasoline that John G. Chapman completed and helped implement, referred to on page 2 of

"Qualifications of John G. Chapman" contained in the Baker & O'Brien report submitted in this case.

Response to Request No. 18

Objection. Such documents are the property of Mr. Chapman's client. They contain confidential and proprietary business information and analysis. Moreover, this request exceeds the requirements of Rule 26 (a) (2) of the Rules of the United States Court of Federal Claims for the disclosure of expert testimony.

Respectfully submitted,

Ronald H. Uscher
Bastianelli, Brown & Kelley, Chtd.
Two Lafayette Centre
1133 21 Street, N.W., Suite 500
Washington, DC 20036
(202) 293-8815
(202) 293-7994 (FAX)

Counsel for Ben B. Floyd, Trustee of the Bankruptcy estate of Gold Line Refining, Ltd.

Dated: June 27, 2003

Of Counsel:
Donald A. Tobin
Lori Ann Lange
Bastianelli, Brown & Kelley, Chtd.
Two Lafayette Centre
1133 21 Street, N.W., Suite 500
Washington, DC 20036

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 27th day of June, 2003, I faxed and caused to be placed in the United States Mail (first class mail, postage pre-paid) copies of "PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND REQUEST (APRIL 11, 2003) FOR PRODUCTION OF DOCUMENTS" addressed as follows::

Reginald T. Blades, Jr., Esquire
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor,
1100 L Street, N.W.
Washington, DC 20530

FAX (202) 307-0972

Ronald H. Uscher

M:\FLYD\002\39.WPD