Cubero, Blades, R

BASTIANELLI, BROWN & KELLEY
CHARTERED

ADRIAN L. BASTIANELLI, III
J. MITCHELL BROWN *
PHILIP R. CROESSMANN *
JAMES A. KELLEY *
CHARLES M. REIFEL
RICHARD W. SCHWARTZMAN
GEORGE W. STIFFLER
DONALD A. TOBIN
RONALD H. USCHER *
NICK R. HOOGSTRATEN +
LORI ANN LANGE +
TINA S. TISINGER *

*ALSO ADMITTED IN VIRGINIA
+ALSO ADMITTED IN MARYLAND

TWO LAFAYETTE CENTRE
1133 21ST STREET, N. W.
SUITE 500
WASHINGTON, D. C. 20036
(202) 293-8815

ALSO OFFICES IN
BALTIMORE, MARYLAND
(410) 837-5206 AND
ALEXANDRIA, VIRGINIA
(703) 549-7016

FACSIMILE
(202) 293-7994

bbk@govconlaw.com

October 2, 2003

**BY TELECOPY (202) 307- 0972 and BY MAIL**

Reginald T. Blades, Jr., Esquire
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 12130
Washington, DC 20530

RE: *Gold Line Refining, Ltd. v. United States*, No. 98-543-C

Dear Reggie:

This will follow-up our conversation of last week about procedures under which Defendant may inspect, copy, and use certain confidential Baker & O'Brien, Inc. ("B&O") documents and information relating to the valuation of liquid petroleum fuels. This letter proposes procedures, applicable to Plaintiff and Defendant, for complying with Defendant's discovery requests while protecting B&O's confidential information.

Once we agree on appropriate procedures: (a) to produce confidential B&O materials and (b) to prevent dissemination of these confidential materials outside of this litigation, I anticipate entering a protective order implementing our agreement. Plaintiff's proposal is outlined below.[1]

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims, and without waiving any objections, Plaintiff proposes that Defendant inspect, copy, and use certain B&O documents and information according to the following procedures and limitations:

---

[1] RCFC 26 (c) provides that upon motion by a party or by the person from whom discovery is sought, and for good cause shown, a protective order may be entered to prevent disclosure of "a trade secret or other confidential research, development, or commercial information..."

154-98-543
C/2

1. Background, Scope, and Representative Sample

Plaintiff produced redacted copies of nine B&O documents, including client projects relating to the valuation of jet fuel. Defendant seeks access to additional B&O documents about the valuation of all liquid petroleum fuels, including jet fuel, kerosene, naphtha, diesel, gasoline and heating oil.[2]

Rather than require the production of possibly hundreds of B&O projects Defendant agreed, for purposes of its initial discovery effort, to inspect a representative sample of B&O's projects that may contain valuation or pricing data. Accordingly, (a) the initial time period covered by Defendant's representative sample is 1990 - 1995 and (b) the initial markets covered by Defendant's representative sample are the U.S. Gulf Coast, the U.S. East Coast, and Inland U.S.

To assemble a representative sample of fuel valuation or pricing projects, B&O again surveyed its list of client projects. Approximately 165 projects came within the scope of Defendant's initial time frame. Upon further review, B&O determined that only 54 of these projects possibly relate to the pricing or valuation of liquid petroleum fuels or distillates. For example, more than 100 projects were eliminated from the original list because they dealt with subjects such as: (a) personal injury; (b) refinery emissions; (c) oil spill investigation; (d) ethylene plant design; and (e) tank farm explosion, among others.

B&O reviewed the status of the files (and, in some cases, the files themselves) for the remaining 54 projects for any references to fuel valuation or pricing information. For fourteen (14) of the 54 projects there are no files available.[3] Thirty-four (34) of the remaining 40 projects, in the representative sample, have files located at B&O's office in Dallas or in an easily accessible storage site. All 34 of these will be gathered in B&O's office.

Six (6) of the 40 projects are in storage on property near Dallas owned by Mr. Ken Baker of B&O. The amount of material in each of these 6 projects has yet to be determined. B&O is undertaking a review of these 6 "off-site" project files.

---

[2] Another term to describe the petroleum products covered by Defendant's request is "distillate fuels."

[3] B&O maintains a project list of all the firm's past engagements. Engagements are included on the project list even though there may be no documents in the file. Some B&O projects include written reports. Some may be in chart form. Others may be an opinion letter. A project file may contain different types of documents. For some B&O projects the files may have been returned to the client or destroyed at the clients' request.

The immediately available projects in the representative sample of 34 projects break down as follows:

(A) 12 are written reports which may (or may not) include valuation or pricing data.

(B) 13 are document and/or electronic files without reports. Such documents and files typically include work papers and miscellaneous records associated with the specific project.

(C) 9 of the projects comprise electronic files only, including computerized work papers. Some of these computer files are in outdated electronic formats (e.g., Lotus 1-2-3) and may not be easily readable.

The 25 projects (categories A and B, above) comprise approximately 20 boxes of materials (excluding the 6 projects in "Baker" storage referenced above). No document in any project has yet been redacted.

2. Inspection and Copying of Confidential Data

All 34 projects can be made available for inspection and copying by Defendant at B&O's Dallas, TX. office beginning Wednesday, October 8, 2003. Plaintiff will review the 6 off-site projects to determine if any contain documents about the valuation of liquid petroleum fuels. If so, Plaintiff anticipates moving these projects to B&O's Dallas office no later than October 10th.

Plaintiff or B&O may object to production of any document except pursuant to a Protective Order and may designate and mark as "CONFIDENTIAL" any document which has not been released into the public domain or which B&O is under a duty to protect.

Defendant's designated attorneys (Mr. Kaufer and/or Mr. Blades) may inspect each of the approximately 40 studies (those with files) at B&O's Dallas office. No document will be redacted prior to such inspection. Defendant's attorneys may identify documents, or portions of documents, they wish to be copied for Defendant's use. Plaintiff and Defendant will then undertake to redact portions of documents which: (1) identify B&O clients; (2) identify a specific refinery; or (3) would otherwise permit the identification of B&O clients.

For some documents selected by Defendant for copying, redaction of information may not be sufficient to protect the identity of B&O's client or the confidentiality of the data furnished to B&O by its client. In such cases, Plaintiff will promptly seek permission from B&O's client to release information to Defendant.

3. Access and Use of Confidential Documents and Information

Any confidential document or information obtained by Defendant under these procedures shall be used solely for purposes of this litigation and not for any other business, personal or other purpose whatsoever.

Only Defendant's designated attorneys (Mr. Kaufer and Mr. Blades), Defendant's designated expert (Stancil and Co.), and the Judge assigned to this case will have access to documents or information obtained under these procedures. Neither Defendant nor Defendant's designated expert will release any document or information absent Plaintiff's written consent.

Defendant acknowledges that Stancil and Co. and B&O are competitors in the consulting business. Stancil and Co. will not use documents or information obtained under these procedures to gain a competitive advantage over B&O in matters unrelated to this lawsuit. At the conclusion of this lawsuit, including any appeals, Defendant and Defendant's expert will return to Plaintiff any confidential documents or information obtained under these procedures.

Please call with you views on Plaintiff's proposed procedures.

Very truly yours,

Ronald H. Uscher

cc: Howard Kaufer, Esq.
Assistant Counsel
Defense Energy Support Center

Dileep Sirur and John O'Brien
Baker & O'Brien, Inc.