IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GOLD LINE REFINING, LTD., through its trustee Ben B. Floyd, Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 98-543 C (Judge Hewitt) |

| | | |
|---|---|---|
| BEN B. FLOYD, TRUSTEE of the Bankruptcy Estate of Gold Line Refining, Ltd., Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 03-2245 C (Judge Hewitt) |

DEFENDANT'S MOTION TO CONSOLIDATE

Pursuant to rules 42 and 42.1 of the rules of this Court, defendant, the United States, respectfully requests the Court to consolidate Gold Line Refining, Ltd., through its trustee Ben B. Floyd v. United States, No. 98-543 C (Fed. Cl.) (Judge Hewitt) ("Gold Line I") with Ben B. Floyd, Trustee of the Bankruptcy Estate of Gold Line Refining, Ltd. v. United States, No. 03-2245 C (Fed. Cl.) (Judge Hewitt) ("Gold Line II"). We make this request to promote procedural efficiency and to conserve the limited resources of the Court and the parties. Counsel for plaintiff ("Gold Line") has indicated that Gold Line will oppose this motion.

As Gold Line stated in its notice of directly related case,

filed with its complaint in Gold Line II and identifying Gold Line I as the directly related case, these two cases are "directly related because they involve the same parties and are based on the same or similar claims." In fact, both complaints assert claims under the same or similar contracts for the delivery of petroleum fuel, principally jet fuel, between Gold Line and the Government. Gold Line I involves JP-8 jet fuel. Gold Line II involves JP-8 and JP-4 jet fuel and F-76 diesel fuel. The contract under which Gold Line asserts its claim regarding JP-8 jet fuel in Gold Line I is the same contract under which Gold Line asserts one of its claims regarding JP-4 jet fuel in Gold Line II.

Among the issues common to both cases is proper valuation of the fuel. In both cases, valuing the fuel will involve common issues such as which "pricing" publication to use, which price within the chosen publication to use, and what industry discounts to apply. The evidence upon the common issues, both testimony and documents, will be similar and overlapping. Identifying, gathering, and presenting this evidence in a single proceeding, rather than two separate proceedings, will promote efficiency and conserve time and the limited resources of the Court and the parties.

Although discovery in Gold Line I has been underway and expert reports have been exchanged, little time would be lost if Gold Line I and Gold Line II were to be placed upon the same schedule. Most of the underlying documents will be the same for

both cases. In order to have prepared its claim in Gold Line II, Gold Line, presumably, had its expert conduct the analysis that it deemed necessary to value the fuel that is the subject of that claim. To respond to that claim, the Government's expert performed the analysis necessary to value that fuel. Preparation of expert reports concerning the claim in Gold Line II should not cause significant delay.

Only one deposition has been taken in Gold Line I. The majority, if not all, of the witnesses in both cases will be the same. Most of those witnesses are not located in the Washington area, necessitating travel for both depositions and trial. Taking their depositions once and presenting their trial testimony once, rather than twice, will promote efficiency and conserve time and the limited resources of the Court, the parties, and the witnesses.

Also, the Government has potential counterclaims or offsets within or among the contracts involved in both Gold Line I and Gold Line II. Consolidating the cases will improve the opportunity and the ability of the Court and the parties to address the issues raised by counterclaims and offset claims.

For these reasons, we respectfully request the Court to grant this motion to consolidate and to order that further proceedings in Gold Line I and Gold Line II shall be consolidated.

Respectfully submitted,

PETER D. KEISLER

Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

BERNARD A. DUVAL
Counsel
HOWARD KAUFER
Assistant Counsel
Office of Counsel
Defense Energy Support Center
Fort Belvoir, VA

November 10, 2003

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of November, 2003, a copy of the foregoing document, "DEFENDANT'S MOTION TO CONSOLIDATE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Reginald T. Blades, Jr.