IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GOLD LINE REFINING, LTD., through its trustee Ben B. Floyd, Plaintiff, | ) | |
| v. | ) | No. 98-543 C (Judge Hewitt) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO MODIFY THE JUNE 9, 2003 SCHEDULING ORDER TO ENLARGE THE TIME FOR DEFENDANT TO COMPLETE DISCOVERY

Pursuant to rules 6.1, 7(b), and 7.1(b) of the rules of this Court, defendant, the United States, respectfully submits this reply to plaintiff's ("Gold Line") opposition to defendant's request to modify the June 9, 2003 scheduling order to provide a nine-month enlargement of time, to and including September 5, 2004, within which defendant may complete discovery.

In its response, Gold Line recognizes that the discovery period must be enlarged and proposes an enlargement of four months. Curiously, Gold Line proposes enlarging the discovery period for both parties but does not explain why Gold Line has been unable to complete its discovery within the currently scheduled period or why it should be granted more time to conduct discovery. Because we have requested the Court to consolidate this case with case number 03-2245, we do not object to Gold Line taking the depositions of the six witnesses it has identified after the current discovery period if it takes the depositions once only, for both cases. Gold Line, however, should not be granted additional time to conduct any other discovery for this

case. Further, its proposal for defendant to complete discovery within four months is unrealistic and should be rejected.

In its response, Gold Line mentions only that its counsel recently inspected and requested copies of documents that we made available in response to Gold Line's most recent (its fourth) discovery requests and that on November 3, 2003, Gold Line notified us that it wanted to take the depositions of the six witnesses that we had identified as potential trial witnesses in our May 27, 2003 responses to Gold Line's April 22, 2003 "supplemental" discovery requests. We immediately advised counsel that we would ascertain the availability of the witnesses, only two of whom currently work for the Government. On November 17, we advised counsel that all six witnesses had stated that, other than the Thanksgiving holiday, they were generally available for deposition. Despite the general availability of the witnesses, we discussed with counsel that in light of the pending motion to consolidate this case with Gold Line's more recently filed related case, both of which will involve most of the same documents, information, and witnesses, including experts, wisdom and prudence counseled that the various witnesses should be deposed only once for both cases. We, therefore, do not object to Gold Line deposing the six witnesses once, for both cases, beyond the currently scheduled discovery period, which ends on December 5, 2003. Gold Line, however, has offered no reason why it should be granted any additional time to conduct any other discovery in this case and its implicit request

for more time should be denied.

In any event, our continuing discovery efforts since we submitted our November 3, 2003 motion to enlarge the time within which defendant may complete discovery have underscored the necessity for our request for an additional nine months. As Gold Line mentioned in its November 20 response, government counsel were, at that time, in Dallas to inspect a "representative sample" of Baker & O'Brien documents that, after months of negotiating, had finally been made available. As we have since informed Gold Line's counsel, that representative sample, although containing some responsive documents, contained mostly documents that bore no relation to our requests for information about Baker & O'Brien's valuation methodologies. We, therefore, have requested that we be allowed to inspect and copy all available materials associated with 41 Baker & O'Brien projects that we have identified as probably containing responsive information. Even that approach, however, is but a variation upon the "representative sample" approach and further document production, inspection, and copying may be required. Moreover, as Gold Line stated in its response, after assuring the Court that the first sample production would be sufficient, "If Government counsel needs to review additional reports [which we do], a procedure to do so will have to be developed." Gold Line response at 2.

Further, as mentioned in our motion, the representative sample that Gold Line recently produced included information

available only upon electronic media. Although two compact discs were produced, we could not inspect, copy, or otherwise obtain any of the information that had been copied onto those discs because Baker & O'Brien would not allow us to take the discs with us so that we could have our technology personnel open the files on the discs to allow our inspection of the information that they contain. Although we negotiated an interim compromise that allows Gold Line's counsel to maintain physical possession of the discs, we do not know whether these arrangements will be sufficient for us to gain access to the information contained on the discs or when that may be accomplished.

Moreover, with regard to the documents that we inspected and requested to be copied, and with regard to any information that we may ultimately request from the compact discs, we will not actually obtain those documents or that information until redactions have been accomplished to satisfy Baker & O'Brien's confidentiality concerns.

The point of all of this, as explained in our motion, is that the extraordinary delay in our discovery efforts is not of our own making but results from Baker & O'Brien's resistance to our legitimate discovery requests for information concerning Baker & O'Brien's methodologies for valuing petroleum fuel. We are now six months removed from when the requested information should have been produced. Only some responsive information has been made available for inspection, and we continue to wait for the redaction and copying processes to be completed so that we

may obtain useful access to those documents. We know that there will be further delay before the additional documents that we have requested will be produced and before the parties resolve the issues associated with electronic media. The parties originally anticipated that discovery could be completed within six months from the time when all responsive information should have been produced. In light of the resistance encountered to date and the sure knowledge of further delay, we believe that a better estimate of the time to complete discovery will be another nine months from when we finally obtain the first installment of the requested Baker & O'Brien information.

We are entitled to conduct proper discovery. We should not be denied discovery because Gold Line, through Baker & O'Brien, has resisted and delayed producing information responsive to our discovery requests. In light of our experience to date, Gold Line's proposal of an additional four months is clearly unrealistic; we have not yet reached the point following which the parties previously agreed discovery could be completed within six months.

For the foregoing reasons and the reasons expressed in our motion, we respectfully request the Court to modify the current schedule to enlarge the time for defendant to complete discovery by nine months, to and including September 5, 2004.[1]

---

[1] This motion will be moot if the Court grants our November 10, 2003 request to consolidate this case with case number 03-2245 because completion of discovery in this case will be subsumed within the schedule for the consolidated case.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

BERNARD A. DUVAL
Counsel
HOWARD KAUFER
Assistant Counsel
Office of Counsel
Defense Energy Support Center
Fort Belvoir, VA

December 2, 2003

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, 2003, a copy of the foregoing document, "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO MODIFY THE JUNE 9, 2003 SCHEDULING ORDER TO ENLARGE THE TIME FOR DEFENDANT TO COMPLETE DISCOVERY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Reginald T. Blades, Jr.