IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GOLD LINE REFINING, LTD., through its trustee Ben B. Floyd, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 98-543 C (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO AMEND ANSWER TO ASSERT AFFIRMATIVE DEFENSE

Pursuant to rule 15(a) of the rules of this Court, defendant, the United States, respectfully requests the Court to grant defendant leave to amend its answer to assert an affirmative defense of recoupment or setoff. A copy of the amended answer is attached to this motion. The amended answer is identical to defendant's original answer except that it pleads the affirmative defense of recoupment or setoff. Counsel for plaintiff ("Gold Line") has indicated that Gold Line will oppose this motion.

As the Court is aware, in this case, Gold Line has asserted that price adjustments performed pursuant to the economic price adjustment clause contained in its contract for delivery of jet fuel to the Government were improper and that, therefore, it was underpaid for the JP-8 jet fuel that it delivered under the contract. That contract required Gold Line to deliver two kinds of jet fuel, JP-4 and JP-8. Although the economic price adjustment clause operated similarly for determining prices for both JP-4 and JP-8, Gold Line's initial claim did not contend that it had been underpaid for the JP-4 jet fuel delivered under

the contract. In fact, in its claim, Gold Line stated that it "did not experience improper price adjustments" with regard to the JP-4 fuel delivered under the contract.

In our briefs supporting our motion for summary judgment in this case, we demonstrated that if the Court were to find the economic price adjustment clause to be unenforceable, then both the JP-4 and the JP-8 should be re-priced. We demonstrated that if both the JP-4 and the JP-8 were re-priced, then Gold Line was overpaid under the contract and, therefore, suffered no harm. In ruling upon the parties' cross motions for summary judgment, the Court acknowledged this point but did not rule upon its merits because "the contracting officer's decision does not address Gold Line's JP-4 deliveries . . . Nor has defendant brought a counterclaim or claim of setoff." Gold Line Refining, Ltd. v. United States, 54 Fed. Cl. 285, 297 n.22 (2002).

Soon after this decision by the Court, Gold Line submitted to the contracting officer a claim comprised of similar pricing claims under multiple fuel delivery contracts. That claim included Gold Line's assertion that, contrary to its assertions supporting its initial JP-8 claim, Gold Line had been underpaid for the JP-4 jet fuel delivered under the contract at issue in this case. In his final decision upon Gold Line's JP-4 claim under the contract at issue in this case, the contracting officer found that if the price of the fuel were to be redetermined, then the Government has overpaid Gold Line under the contract.

Following the contracting officer's final decision, Gold

Line filed its complaint in Ben B. Floyd, Trustee of the Bankruptcy Estate of Gold Line Refining, Ltd. v. United States, No. 03-2245 C (Fed. Cl.) (Judge Hewitt) ("Gold Line II"), in which Gold Line has asserted, among other claims under other contracts, that it was underpaid for the JP-4 that it delivered under the contract at issue in this case. The Court denied our request to consolidate Gold Line II with this case. We, therefore, respectfully request the Court to grant us leave to amend the answer in this case to plead a defense of recoupment or setoff based upon any overpayment for the fuel delivered under the contract at issue in this case.

Rule 15(a) of the rules of this Court provides that a party may amend its pleadings by leave of the court and "leave shall be freely given when justice so requires." The Court has held that "leave to amend should be freely permitted absent sufficient explicit reasons indicating that it should be denied." St. Paul Fire and Marine Ins. Co. v. United States, 31 Fed. Cl. 151, 153 (1994), quoting, State of Alaska v. United States, 15 Cl. Ct. 276, 279 (1988); see also Principal Mutual Life Ins. Co. v. United States, 26 Cl. Ct. 616, 623 (1992) (finding that Rule 15(a) "sets forth a permissive standard in regard to the granting of amendments" and that, in construing analogous rule 15(a) of the Federal Rules of Civil Procedure, the Supreme Court has construed the rule "quite liberally"). The Supreme Court has stated:

> Rule 15(a) declares that leave to amend

> "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962), quoted in, St. Paul Fire and Marine, 31 Fed. Cl. at 153; Principal Mutual Life, 26 Cl. Ct. at 623; State of Alaska, 15 Cl. Ct. at 279.

Courts consider the following factors when deciding whether to grant a motion to amend: (1) undue delay; (2) bad faith; (3) prejudice to the nonmovant; and (4) futility of amendment. Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 666 (Fed. Cir. 1986) (applying Ninth Circuit law). "'Where there is lack of prejudice to the opposing party and the amended [pleading] is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.'" Id. at 667 (quoting Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry, 648 F.2d 1252, 1254 (9th Cir. 1981); Howey v. United States, 481 F.2d 1187, 1190-91 (9th Cir. 1973)). "'The mere fact that an amendment is offered late in the case is . . . not enough to bar it; amendments may be offered at trial, or even after reversal and remand.'" Id., (quoting Howey v. United States, 481 F.2d at 1191, n.3; 3 J. Moore, Moore's Federal Practice, § 15.08,

0.835)); see also Brock & Blevins Co. v. United States, 170 Ct. Cl. 52, 59, 343 F.2d 951, 955 (1965) (accord and satisfaction defense raised four months after the trial court's opinion and findings of fact was issued); Siemens Aktiengesellschaft v. United States, 26 Cl. Ct. 312 (1992) (granting leave to amend answer to add defenses after motion for summary judgment).

The defense of recoupment or setoff is not frivolous. Gold Line cannot demonstrate that the amendment is made as a dilatory maneuver in bad faith or that the amendment will prejudice Gold Line. Gold Line cannot demonstrate the existence of any of the explicit reasons for which the Court might deny leave to file the amended answer. The Court, therefore, should allow the amendment.

For these reasons, we respectfully request the Court to grant this request for leave to amend the answer to assert an affirmative defense of recoupment or setoff, and to order that the amended answer be filed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

BERNARD A. DUVAL
Counsel
HOWARD KAUFER
Assistant Counsel
Office of Counsel
Defense Energy Support Center
Fort Belvoir, VA

January 22, 2004

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2004, a copy of the foregoing document, "DEFENDANT'S MOTION TO AMEND ANSWER TO ASSERT AFFIRMATIVE DEFENSE", with "DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSE OF RECOUPMENT OR SETOFF" attached, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Reginald T. Blades, Jr.