IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GOLD LINE REFINING, LTD., through its trustee Ben B. Floyd, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 98-543 C (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S AMENDED ANSWER
AND
AFFIRMATIVE DEFENSE OF RECOUPMENT OR SETOFF

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

3. Admits that Gold Line operated a petroleum refinery located in Lake Charles, Louisiana; otherwise denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

4. The allegations contained in paragraph 4 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

5. The allegations contained in paragraph 5 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6. Admits.

7. The allegations contained in paragraph 7 are conclusions of law and Gold Line's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Denies that JP-8 was a new type of military jet fuel; admits the remaining allegations contained in paragraph 9 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 9.

10. Admits and alleges that DFSC had previously purchased JP-8 in other areas of the United States and overseas.

11. Admits the allegations contained in the first sentence of paragraph 11. Denies the allegations contained in the second sentence of paragraph 11.

12. The allegations contained in paragraph 12 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

13. Denies the allegations contained in the first clause of paragraph 13, "In order to receive a favorable evaluation under these solicitation provisions," for lack of knowledge or information sufficient to form a belief as to the truth of this allegation of Gold Line's intent or motivation; admits the remaining allegations contained in paragraph 13 to the extent supported by the certification and offer cited, which are the best evidence of their contents; otherwise denies the remaining allegations of paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in the first sentence of paragraph 16 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 16. Admits the allegation contained in the second sentence of paragraph 16.

17. Denies and alleges that clause B19.33 was designed to reflect changes in the market for refined petroleum products.

18. Denies the allegations contained in the first sentence

of paragraph 18 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the second sentence of paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

21. Admits the allegations contained in paragraph 21 to the extent supported by the clause cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the solicitation, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegation contained in the first sentence of paragraph 26 to the extent supported by the solicitation, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 26. Admits the allegation contained in the second sentence of paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the solicitation and the publication cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29. Denies and alleges that the cited clause, which is the best evidence of its contents, does not refer to raw material costs.

30. Admits the allegation contained in the first clause of the first sentence of paragraph 30, "the Solicitation was DFSC's first procurement of kerosene based JP-8 jet fuel on the U.S. Gulf Cost;" otherwise, denies the remaining allegations contained in paragraph 30.

31. Denies.

32. Admits the allegations contained in paragraph 32 to the extent supported by the solicitation and the publications cited, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by the publication cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the solicitation and Gold Line's "BAFO," which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 34.

35. Denies the allegations contained in the first sentence of paragraph 35 concerning what "Gold Line could not, and did not, know" for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted; admits the remaining allegations contained in paragraph 35 to the extent supported by the publication cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Denies.

37. Denies the allegations contained in the first sentence of paragraph 37. Denies the allegations contained in the second sentence of paragraph 37 for lack of knowledge or information sufficient to form a belief as to the truth of the matters

asserted.

38. Denies the allegations contained in paragraph 38 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

39. The allegations contained in paragraph 39 are conclusions of law to which not response is required; to the extent that they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 are conclusions of law to which not response is required; to the extent that they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact they are admitted to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise, they are denied.

42. The allegations contained in the first sentence of paragraph 42 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 42 to the extent supported by the Federal Register notice cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second and third sentences of paragraph 42.

43. Denies the allegations contained in the first sentence of paragraph 43 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the second sentence of paragraph 43.

44. Admits the allegations contained in the first sentence of paragraph 44 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 44. Denies the allegations contained in the second sentence of paragraph 44 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

45. Admits the allegations contained in paragraph 45 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 45.

46. Admits the allegations contained in paragraph 46 to the extent supported by the submission cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 46.

47. Admits that the parties had discussions concerning Gold Line's May 31, 1995 submission to the contracting officer; admits the remaining allegations contained in paragraph 47 to the extent supported by the submission cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 47.

48. Admits the allegations contained in paragraph 48 to the

extent supported by the final decision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 48.

49. Defendant's responses to paragraphs 1 through 48 are incorporated by reference as if fully set forth here.

50. The allegations contained in paragraph 50 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

51. Admits the allegations contained in paragraph 51 that "Gold Line manufactured and delivered JP-8 type jet fuel to DFSC" and that "DFSC used the jet fuel delivered by Gold Line;" otherwise, denies the allegations contained in paragraph 51.

52. Admits that prices were adjusted pursuant to the formula in clause B19.33; otherwise denies the allegations contained in paragraph 52.

53. The allegations contained in paragraph 53 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

54. Denies.

55. Defendant's responses to paragraphs 1 through 54 are incorporated by reference as if fully set forth here.

56. Denies.

57. Denies the allegations contained in the first, second, and third sentences of paragraph 57. The allegations contained

in the fourth sentence of paragraph 57 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

58. The allegations contained in paragraph 58 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

59. Defendant's responses to paragraphs 1 through 59 are incorporated by reference as if fully set forth here.

60. - 64. Paragraphs 60 through 64 constitute Gold Line's allegations that it is entitled to reformation of the contract as a consequence of its unilateral mistake concerning the operation of contract clause B19.33. By decision dated March 25, 1999, the Court granted the defendant's motion to dismiss Gold Lines's claim for reformation upon the ground of unilateral mistake. Therefore, no response to these paragraphs is required.

65. Denies that plaintiff is entitled to the relief requested in its prayer for relief or to any relief whatsoever.

66. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSE

67. Gold Line's claim is barred by the affirmative defense of recoupment or setoff.

68. The Court possesses jurisdiction to entertain the merits of the defense of recoupment or setoff pursuant to 28 U.S.C. §§ 1503 and 2508.

69. The Government awarded Gold Line contract No. DLA600-93-D-0562 (contract No. 0562), as described in paragraphs 14 and 15 of the complaint, for the delivery of two types of jet fuel, JP-4 and JP-8. As a result of a dispute under contract No. 0562, Gold Line submitted to the contracting officer a claim, as described in paragraphs 46 and 47 of the complaint, concerning the pricing of only the JP-8 jet fuel delivered under contract No. 0562. In its claim, Gold Line stated that it "did not experience improper price adjustments" with regard to the JP-4 jet fuel delivered under contract No. 0562 or other similar fuel delivery contracts. The contracting officer denied the claim.

70. Subsequently, Gold Line submitted to the contracting officer another claim comprised of similar pricing claims under multiple fuel delivery contracts. That claim included Gold Line's assertion that, contrary to its assertions supporting its initial JP-8 claim under contract No. 0562, Gold Line had been underpaid for the JP-4 jet fuel delivered under contract No. 0562. The contracting officer denied Gold Line's second claim. In his final decision, the contracting officer considered Gold Line's JP-4 claim under contract No. 0562 and found that if the price of the fuel were to be redetermined, then the Government has overpaid Gold Line under the contract.

71. Although the United States does not believe that the Court should re-price the fuel delivered under contract No. 0562, if the Court does order the fuel to be re-priced, both the JP-4 and the JP-8 should be re-priced, and the United States is

entitled to recoup or setoff any amount that may be found due Gold Line under contract No. 0562 by any amount by which the United States may have overpaid Gold Line for fuel delivered under contract No. 0562.

72. The United States does not know at this time the exact amount of any recoupment or setoff because that will depend upon whether the Court decides that the fuel delivered under contract No. 0562 should be re-priced and, if so, by what methodology the re-pricing shall be performed.

WHEREFORE, defendant respectfully requests the Court to deny Gold Line the relief it requests, to dismiss the complaint, to order that any amount that may be found due Gold Line under contract No. 0562 shall be recouped or setoff by any amount by which the United States may have overpaid Gold Line for fuel delivered under contract No. 0562, and to grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

S/ David M. Cohen
DAVID M. COHEN
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

HOWARD KAUFER
Office of Counsel
Defense Energy Support Center
Fort Belvoir VA

January 22, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2004, a copy of the foregoing document, "DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSE OF RECOUPMENT OR SETOFF" was filed electronically as an attachment to "DEFENDANT'S MOTION TO AMEND ANSWER TO ASSERT AFFIRMATIVE DEFENSE". I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Reginald T. Blades, Jr.