**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| GOLD LINE REFINING, LTD.,<br>through its trustee, Ben B. Floyd,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 98-543C<br>(Judge Hewitt) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND ANSWER AND ASSERT AFFIRMATIVE DEFENSE**

Plaintiff, Gold Line Refining, Ltd. through its trustee, Ben B. Floyd, (hereinafter referred to as "Gold Line") hereby submits its opposition to the Defendant's (the "Government" or "DESC") Motion to Amend its Answer to assert an affirmative defense of recoupment or setoff. As more fully addressed in Gold Line's Memorandum in Support of Plaintiffs' Opposition to Defendant's Motion to Amend Answer, justice requires that the Court deny DESC's Motion.

Rule 15(a) provides that leave to amend a pleading shall freely given when justice so requires. In determining whether leave to amend should be granted, the Court generally considers a number of factors including: (1) undue delay; (2) bad faith, (3) prejudice to the nonmovant, and (4) the futility of the amendment. The existence of any one of these factors is sufficient to deny a motion to amend.

In this case, several of the factors weigh in favor of denying DESC's Motion to Amend its Answer. First, the amendment is futile. DESC is not entitled to assert either setoff or recoupment. DESC is not entitled to setoff because it violates the automatic stay. In order to assert a right of setoff, a creditor must obtain a lifting of the stay from the bankruptcy court or

assert a setoff right in its proof of claim against the debtor. DESC has done neither. In addition, DESC waived its right to setoff by failing to file a proof of claim with the bankruptcy court by the claim bar date. Similarly, DESC is not entitled to recoupment because DESC's setoff claim involves different transactions and fuel types.

Second, it would be prejudicial to Gold Line to permit DESC to assert a setoff while Gold Line's underpayment claim for the same JP-4 deliveries is pending in a separate case. In order for Court to rule on the validity of DESC's setoff against any recovery in Gold Line I, the Court will have to conduct a trial on the fair market value of the JP-4 at issue in Gold Line II. DESC is asking the Court to partially consolidate Gold Line II with Gold Line I. The Court, however, previously determined that such consolidation is improper since it will significantly delay the proceedings in Gold Line I.

Lastly, DESC unduly delayed seeking to amend its Answer. Gold Line asserted a claim for underpayments on Gold Line's JP-4 deliveries on November 4, 2002. Although DESC asserted that it had a counterclaim for overpayments on these same JP-4 deliveries in its April 10, 2003 final decision, DESC never sought to setoff or recoup these alleged overpayments. It was only after this Court denied DESC's Motion to Consolidate Gold Line I and Gold Line II that DESC moved to amend. DESC is attempting to circumvent this Court's ruling denying the Motion to Consolidate.

For these reasons, justice requires that the Court deny DESC's Motion to Amend its Answer to Assert Affirmative Defense of setoff or recoupment. Therefore, Gold Line respectfully requests that the Court deny DESC's Motion to Amend its Answer to Assert Affirmative Defense.

Respectfully submitted,

s/Ronald H. Uscher
Bastianelli, Brown & Kelley, Chtd.
Two Lafayette Centre
1133 21st Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 293-8815
(202) 293-7994 (facsimile)

Counsel for Plaintiffs

*Of Counsel:*

Donald A. Tobin
Lori Ann Lange
Bastianelli, Brown & Kelley, Chtd.
Two Lafayette Centre
1133 21st Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 293-8815
(202) 293-7994 (facsimile)

Dated: February 9, 2004

m:\flyd\002\Opposition to Motion to Amend Answer