IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 98-543 C
(Judge Hewitt)

GOLD LINE REFINING, LTD.,
through its trustee Ben B. Floyd,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND ANSWER TO ASSERT AFFIRMATIVE DEFENSE

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

REGINALD T. BLADES, JR.
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

BERNARD A. DUVAL
Counsel
HOWARD KAUFER
Assistant Counsel
Office of Counsel
Defense Energy Support Center
Fort Belvoir, VA

February 23, 2004

# TABLE OF CONTENTS

Page

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND ANSWER TO ASSERT AFFIRMATIVE DEFENSE . . . . . . . . . . . . . . . . . . . . . 1

I. Leave To Amend Should Be Freely Granted . . . . . . . 2

II. The Amendment Is Not Futile . . . . . . . . . . . . . 3

a. Setoff . . . . . . . . . . . . . . . . . . . . . 3

b. Recoupment . . . . . . . . . . . . . . . . . . . 6

III. Gold Line Is Not Prejudiced . . . . . . . . . . . . 10

IV. We Have Not Unduly Delayed . . . . . . . . . . . . 11

V. Gold Line's Reliance Upon Barrett Is Misplaced . 14

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 16

# TABLE OF AUTHORITIES

Page

Cases

Americold v. United States,
28 Fed. Cl. 747 (1993) . . . . . . . . . . . . . . . . . . 10

Barrett Refining Corp. v. United States,
242 F.3d 1055 (Fed. Cir. 2001),
upon remand 50 Fed. Cl. 567 (2001) . . . . . . . . . . 14, 15

Bohack Corp. v. Borden, Inc.,
599 F.2d 1160 (2d Cir. 1979) . . . . . . . . . . . . . . . 4

Brock & Blevins Co. v. United States,
170 Ct. Cl. 52 (1965) . . . . . . . . . . . . . . . . . . 13

Cherry Cotton Mills v. United States,
327 U.S. 536 (1946) . . . . . . . . . . . . . . . . . . 10

Citizens Bank of Maryland v. Strumpf,
516 U.S. 16 (1995) . . . . . . . . . . . . . . . . . . . 4

Distribution Services, Ltd. v. Eddie Parker Interests, Inc.,
897 F.2d 811 (5th Cir. 1990) . . . . . . . . . . . . . . . 7

Durham v. SMI Indus.,
882 F.2d 881 (4th Cir. 1989) . . . . . . . . . . . . . . . 5

Foman v. Davis,
371 U.S. 178 (1962) . . . . . . . . . . . . . . . . . . . 3

Howey v. United States,
481 F.2d 1187 (9th Cir. 1973) . . . . . . . . . . . . . 13

Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry,
648 F.2d 1252 (9th Cir. 1981) . . . . . . . . . . . . . 13

In Re ABCO Industries, Inc.,
270 B. R. 58 (Bankr. N.D. Texas 2001) . . . . . . . . . . 6

In Re Alpco,
62 B.R. 184 (Bankr. S.D. Ohio 1986) . . . . . . . . . . . 8

In Re Applied Logic Corp.,
576 F.2d 952 (2d Cir. 1978) . . . . . . . . . . . . . . . 4

TABLE OF AUTHORITIES (cont'd)

Page

Cases (cont'd)

In Re B&L Oil,
782 F.2d 155 (10th Cir. 1986) . . . . . . . . . . . . . . . 5

In Re Charter Company,
86 B. R. 280 (Bankr. M.D. Fla. 1988) . . . . . . . . . . . 5

In Re De Laurentiis Entertainment Group, Inc.,
963 F.2d 1269 (9th Cir. 1992) . . . . . . . . . . . . . . . 4

In Re Dillard Ford, Inc.,
940 F.2d 1507 (11th Cir. 1991) . . . . . . . . . . . . . . 4

In Re Eyke,
246 B. R. 550 (Bankr. W.D. Mich. 2000) . . . . . . . . . . 7

In Re Gasmark, Ltd.,
193 F.3d 371 (5th Cir. 1999) . . . . . . . . . . . . . . . 7

In Re IML Freight, Inc.,
65 B. R. 788 (Bankr. D. Utah 1986) . . . . . . . . . . . . 4

In Re Matter Of McDonald,
224 B. R. 862 (Bankr. S.D. Ga. 1998) . . . . . . . . . . . 8

In Re Public Service Co.,
884 F.2d 11 (1st Cir. 1989) . . . . . . . . . . . . . . . . 5

In Re Utica Floor Maint., Inc.,
41 B. R. 941 (N.D. N.Y 1984) . . . . . . . . . . . . . . . 4

In Re Vance,
298 B. R. 262 (Bankr. E.D. Va. 2003) . . . . . . . . . . . 8

In The Matter Of Coxson,
43 F.3d 189 (5th Cir. 1995) . . . . . . . . . . . . . . . . 8

In The Matter Of Kosadnar,
157 F.3d 1011 (5th Cir. 1998) . . . . . . . . . . . . . . . 7

In The Matter Of United States Abatement,
79 F.3d 393 (5th Cir. 1996) . . . . . . . . . . . . . . 7, 8

# TABLE OF AUTHORITIES (cont'd)

Page

Cases (cont'd)

Lee v. Schweiker,
739 F.2d 870 (3d Cir. 1984) . . . . . . . . . . . . . . . . . 5

Principal Mutual Life Ins. Co. v. United States,
26 Cl. Ct. 616 (1992) . . . . . . . . . . . . . . . . . . . 3

Senza-Gel Corp. v. Seiffhart,
803 F.2d 661 (Fed. Cir. 1986) . . . . . . . . . . . . . . 3, 13

Siemens Aktiengesellschaft v. United States,
26 Cl. Ct. 312 (1992) . . . . . . . . . . . . . . . . . . 13

St. Paul Fire and Marine Ins. Co. v. United States,
31 Fed. Cl. 151 (1994) . . . . . . . . . . . . . . 11, 13, 14

Studley v. Boylston Nat'l Bank,
229 U.S. 523 (1913) . . . . . . . . . . . . . . . . . . . . 4

United States v. Hougham,
364 U.S. 310 (1960) . . . . . . . . . . . . . . . . . . . . 3

United States v. Munsey Trust Co.,
332 U.S. 234 (1947) . . . . . . . . . . . . . . . . . . . . 3

Statutes

11 U.S.C. § 553. . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. §§ 1503 and 2508 . . . . . . . . . . . . . . . . . 9

Rules of The United States Court Of Federal Claims

Rule 15(a) . . . . . . . . . . . . . . . . . . . . . . . 2, 14

Rule 7.1(b) . . . . . . . . . . . . . . . . . . . . . . . . . 1

TABLE OF AUTHORITIES (cont'd)

Page

Other Authorities

3 J. Moore,
Moore's Federal Practice, § 15.08, 0.835 . . . . . . . . 13

4 Lawrence P. King,
Collier On Bankruptcy, § 553.03 (15th ed. 1991) . . . . 4

5 Collier on Bankruptcy § 553.07[1]
(15th ed. rev. June 2000) . . . . . . . . . . . . . . . 6

6 Charles A. Wright, Arthur R. Miller & Mary W. Kane,
Federal Practice And Procedure § 1476 (1991) . . . . . . 3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GOLD LINE REFINING, LTD., through its trustee Ben B. Floyd, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 98-543 C (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO AMEND ANSWER TO ASSERT AFFIRMATIVE DEFENSE

Pursuant to rule 7.1(b) of the rules of this Court, defendant, the United States, respectfully submits this reply to plaintiff's opposition to defendant's motion to amend answer to assert the affirmative defense of recoupment or setoff.

As the Court is aware, Gold Line Refining, Ltd. was awarded a contract, contract no. DLA600-93-D-0562 ("contract 0562"), to deliver JP-4 jet fuel and JP-8 jet fuel to the government. Through its bankruptcy trustee, Gold Line has asserted that price adjustments performed pursuant to the economic price adjustment clause contained in contract 0562 were improper and that, therefore, Gold Line was underpaid for the jet fuel that it delivered under the contract. Gold Line, however, has pleaded this assertion of underpayment in two separate actions before this Court.

The first action ("Gold Line I"), this case, claims underpayment as to only the JP-8 delivered under contract 0562. The second action, Ben B. Floyd, Trustee of the Bankruptcy Estate of Gold Line Refining, Ltd. v. United States, No. 03-2245 C (Fed. Cl.) (Judge Hewitt) ("Gold Line II"), claims underpayment for the

JP-4 delivered under contract 0562, and claims underpayment for fuel delivered under six other contracts. The Court has denied our request to consolidate these two actions. We have, therefore, respectfully requested the Court to grant us leave to amend our answer in Gold Line I to assert an affirmative defense of recoupment or setoff as between the prices, as will be determined by the Court, for the JP-4 and the JP-8 delivered under contract 0562.

Allowing the amendment will effectively consolidate Gold Line I with that portion of Gold Line II that relates to JP-4 delivered under contract 0562. Allowing the amendment permits the Court to consider in one action the claims concerning payment for the fuel, JP-4 and JP-8, delivered under contract 0562 and determine whether Gold Line was underpaid for the fuel delivered under contract 0562.

Gold Line has raised three grounds upon which it opposes our request: futility; prejudice; and, undue delay. Gold Line, however, has failed to support any of these grounds of opposition. Gold Line's opposition, therefore, should be rejected and our request to amend our answer to assert an affirmative defense of recoupment or setoff should be granted.

## I. Leave To Amend Should Be Freely Granted

As explained in our motion to amend, rule 15 provides that "leave [to amend] shall be freely given when justice so requires." Courts consider the following factors when deciding whether to grant a motion to amend: (1) undue delay; (2) bad

faith; (3) prejudice to the nonmovant; and (4) futility of amendment. Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 666 (Fed. Cir. 1986) (applying Ninth Circuit law). This Court has recognized that when construing analogous rule 15(a) of the Federal Rules of Civil Procedure, the Supreme Court has construed the rule "quite liberally." Principal Mutual Life Ins. Co. v. United States, 26 Cl. Ct. 616, 623 (1992) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). This Court has recognized further that in applying this permissive standard for amending a pleading, the Supreme Court has placed particular emphasis upon the element of prejudice to the opposing party. Id. (citing United States v. Hougham, 364 U.S. 310, 316 (1960) ("Rule 15 of the Federal Rules of Civil Procedure . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result."); 6 Charles A. Wright, Arthur R. Miller & Mary W. Kane, Federal Practice And Procedure § 1476 (1991) ("If no prejudice is found, then leave normally will be granted.")).

Gold Line has not demonstrated prejudice or any other basis for denying our motion to amend.

II. The Amendment Is Not Futile

a. Setoff

Gold Line argues that the Government is not entitled to setoff because Gold Line is in bankruptcy. In general, the United States has the same common law right to setoff as any other creditor. E.g., United States v. Munsey Trust Co., 332

U.S. 234, 239 (1947). "The right of setoff . . . allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995) (quoting Studley v. Boylston Nat'l Bank, 229 U.S. 523, 528 (1913). Setoff "occupie[s] a favored position in our jurisprudence," Bohack Corp. v. Borden, Inc., 599 F.2d 1160, 1164 (2d Cir. 1979), with which courts should interfere "only under the most compelling circumstances." In Re Utica Floor Maint., Inc., 41 B. R. 941, 944 (N.D. N.Y 1984). "The rule allowing setoff . . . is not one that courts are free to ignore when they think application would be 'unjust'." In Re Applied Logic Corp., 576 F.2d 952, 957 (2d Cir. 1978). To the contrary, "the justification for permitting setoff is based on notions of fairness," In Re IML Freight, Inc., 65 B. R. 788, 791-92 (Bankr. D. Utah 1986), and "the primacy of setoffs is essential to the equitable treatment of creditors." In Re De Laurentiis Entertainment Group, Inc., 963 F.2d 1269, 1277 (9th Cir. 1992).

Setoff is an equitable right of a creditor to deduct a debt it owes to the debtor from a claim it has against the debtor arising out of a separate transaction. Recoupment differs in that the opposing claims arise from the same transaction. 4 Lawrence P. King, Collier On Bankruptcy, § 553.03 (15th ed. 1991). The Bankruptcy Code is not an independent source of law that authorizes setoff or recoupment; it recognizes and preserves rights that exist under non-bankruptcy law. See In Re Dillard

Ford, Inc., 940 F.2d 1507, 1512 (11th Cir. 1991); In Re Public Service Co., 884 F.2d 11, 13-14 (1st Cir. 1989); Durham v. SMI Indus., 882 F.2d 881, 882-83 (4th Cir. 1989).

Both setoff and recoupment can be affirmative defenses or counterclaims. Outside of bankruptcy the distinction is usually not significant. In bankruptcy, however, the distinction can be important. For example, the Bankruptcy Code codifies and governs setoff but is silent as to recoupment. See In Re B&L Oil, 782 F.2d 155, 157 (10th Cir. 1986); 11 U.S.C. § 553. Most significantly, setoff is available in bankruptcy only when the opposing claims arise on the same side of the time line described by the filing of the bankruptcy petition; that is, both must be pre-petition claims or both must be post-petition claims. Recoupment is not limited in this way. See generally, Lee v. Schweiker, 739 F.2d 870, 875 (3d Cir. 1984).

Gold Line argues that a claim of setoff would violate the automatic stay arising from Gold Line's bankruptcy action and that the Government has waived its right to assert setoff. In pleading an affirmative defense of recoupment or setoff, we have asserted only a defense and not an affirmative claim for recovery. When setoff is asserted in defense to a debtor's complaint, many courts permit that defense without the need of obtaining prior relief from the stay. See, e.g., In Re Charter Company, 86 B. R. 280, 282 (Bankr. M.D. Fla. 1988). Further, the failure to file a proof of claim does not prevent the creditor from asserting the right of setoff as a defensive matter,

although the creditor may be barred from collecting a dividend with respect to the amount of the claim that exceeds the creditor's offsetting debt to the debtor. 5 Collier on Bankruptcy § 553.07[1] (15th ed. rev. June 2000) (citations omitted); In Re ABCO Industries, Inc., 270 B. R. 58, 63 (Bankr. N.D. Texas 2001).

b. Recoupment

Gold Line argues, next, that the Government is not entitled to recoupment because the delivery of JP-4 and JP-8 under contract 0562 were not part of the same transaction and it would be "inequitable" for the Court to consider both the JP-4 and the JP-8 claims arising under contract 0562 in the one action, because Gold Line has commenced two actions and separated these two claims.

> Recoupment originated as an equitable rule of joinder that allowed adjudication in one suit of two claims that would otherwise have to be brought separately under the common law forms of action. In the bankruptcy context, the doctrine of recoupment has evolved to permit a creditor to offset a claim that arises from the same transaction as the debtor's claim. Recoupment allows a defendant to reduce the amount of a plaintiff's claim by asserting a claim against the plaintiff which arose out of the same transaction to arrive at a just and proper liability on the plaintiff's claim. The doctrine operates as an exception to the rule that all unsecured creditors of a bankrupt stand on equal footing for satisfaction . . . [and] sometimes allows particular creditors preference over others.
>
> The justification for the recoupment doctrine is that where the creditor's claim against the debtor arises from the same transaction as the debtor's claim, it is

> essentially a defense to the debtor's claim against the creditor. We have held that the trustee of a bankruptcy estate takes the property subject to the rights of recoupment. In other words, to the extent that a party is entitled to recoupment of funds, the debtor has no interest in the funds.

In The Matter Of United States Abatement, 79 F.3d 393, 398 (5th Cir. 1996) (internal quotations, emphasis, and citations omitted). "Recoupment is a defense that goes to the foundation of plaintiff's claim by deducting from plaintiff's recovery all just allowances or demands accruing to the defendant with respect to the same contract or transaction." Distribution Services, Ltd. v. Eddie Parker Interests, Inc., 897 F.2d 811, 812 (5th Cir. 1990).

> There is no general standard governing whether events are part of the same or different transactions. "[G]iven the equitable nature of the [recoupment] doctrine, courts have refrained from precisely defining the same-transaction standard, focusing instead on the facts and equities of each case."

In The Matter Of Kosadnar, 157 F.3d 1011, 1015 (5th Cir. 1998) (citing cases).

> Some courts have equated "same transaction" with "same contract." . . . Others look to the contractual relationship between the debtor and the creditor with a broader view of "same transaction" or require that the debts "arise out" of that relationship.

In Re Eyke, 246 B. R. 550, 557 (Bankr. W.D. Mich. 2000) (case citations omitted). Some courts require "inequity." Id. (citing In Re Gasmark, Ltd., 193 F.3d 371, 374-75 (5th Cir. 1999)).

> Recoupment allows the court to look at the

> whole contract, sum up the grievances on each side, strike a balance, and give the plaintiff judgment for only such difference as may be found in his favor. . . . Its purpose rests on equitable grounds to prevent unjust enrichment.

In Re Matter Of McDonald, 224 B. R. 862, 867 (Bankr. S.D. Ga. 1998). See also In Re Vance, 298 B. R. 262, 269 (Bankr. E.D. Va. 2003) (discussing the balance of equities; "The court must consider whether any party would receive a windfall."). The basic rationale of recoupment is "that there is but one recovery due on a contract, and that recovery must be determined by taking into account the mutual benefits and obligations of the contract." In Re Alpco, 62 B.R. 184, 188 (Bankr. S.D. Ohio 1986); accord, In The Matter Of United States Abatement, supra (holding that district court erred by denying recoupment when the "terms of the contract between [the parties] not only govern" the existence of one obligation but also impose the basis for the countervailing obligation; in these circumstances, the obligations arise from the same transaction); In The Matter Of Coxson, 43 F.3d 189, 193-94 (5th Cir. 1995) (when debtor's and creditor's obligations arise out of the same contract, recoupment is appropriate).

The United States contracted with Gold Line to buy the fuel that Gold Line offered to supply. Contract 0562 obligated Gold Line to deliver and the United States to purchase stated quantities of JP-4 and JP-8. There is only one contract at issue. Although the awards were completed at different times,

there was only one solicitation, under which Gold Line submitted one bid to supply both products. Gold Line submitted one best and final offer, offering to supply both products. Gold Line asserts the same complaint concerning payments for both products, which were priced under the same economic price adjustment clause using PMM data for final price determinations.

There was a single transaction – one solicitation; one bid; one contract – involving two types of fuel. There is one complaint about that contract, i.e., whether the EPA clause using PMM is enforceable, and if not, how much should Gold Line be paid for the fuel delivered under the contract. As we stated in our motion for summary judgment, the Court should consider the contract as a whole and determine whether Gold Line was underpaid for the contract, considering the payments received for both JP-4 and JP-8.

The Government's assertion of an affirmative defense of recoupment or setoff is entirely appropriate and in accordance with law. Denying the Government the opportunity to offset as between payments for JP-4 and JP-8 under contract 0562 would be inequitable. Denial would create the potential inequity that Gold Line could recover some amount when, under the contract as a whole, Gold Line was not underpaid and may have been overpaid. There is nothing inequitable about requiring Gold Line to litigate in one action all claims under a single contract.

Moreover, as pleaded in our amended answer, sections 1503 and 2508 of title 28, United States Code, confer jurisdiction

upon the Court to hear and to determine any claims both for and against the United States. The purpose of the predecessor of section 1503 was, "to permit the Government, when sued in the Court of Claims, to have determined in a single suit all questions which involved mutual obligations between the Government and a claimant against it." Cherry Cotton Mills v. United States, 327 U.S. 536, 539 (1946); see also Americold v. United States, 28 Fed. Cl. 747, 751-53 (1993). Denying the Government the opportunity to offset would be contrary to law.

Gold Line's bankruptcy presents no impediment to the Government's assertion of its affirmative defense of recoupment or setoff. Whether the Court considers the transaction between Gold Line and the United States evidenced by contract 0562 to be a single transaction or separate transactions, the Government is entitled to assert its defense of recoupment or setoff. The Court should, therefore, grant our motion to amend.

III. Gold Line Is Not Prejudiced

Gold Line's only assertion of possible prejudice is that allowing the amendment will require the parties to litigate in one action all of the claims raised under contract 0562. That Gold Line has divided its claim for underpayment under contract 0562 between two actions does not in any way demonstrate how Gold Line might be prejudiced if required to litigate all claims under contract 0562 in one action. In fact, Gold Line provides no explanation about how the amendment might cause prejudice. As we have demonstrated, not to allow the amendment would be

inequitable and, therefore, prejudicial to the United States. Gold Line has not demonstrated the undue prejudice that would be requisite to denying our motion to amend. See, e.g., St. Paul Fire and Marine Ins. Co. v. United States, 31 Fed. Cl. 151, 153 (1994) (identifying requirements for demonstrating undue prejudice). The Court, should, therefore, grant our motion to amend.

IV. We Have Not Unduly Delayed

As we demonstrated in our motion to amend, we raised early in these proceedings the issue of considering the contract as a whole and offsetting between the payments for the JP-4 and the JP-8 delivered under contract 0562. In our briefs supporting our motion for summary judgment, filed shortly after proceedings resumed following the collapse of settlement efforts, we demonstrated that if the Court were to find the economic price adjustment clause to be unenforceable, then both the JP-4 and the JP-8 should be re-priced. We demonstrated that if both the JP-4 and the JP-8 were re-priced, then Gold Line was overpaid under the contract and, therefore, suffered no harm. In its cross-motion, Gold Line challenged our methodologies and ability to state the claim. Both parties briefed the issue.

In ruling upon the parties' cross-motions for summary judgment, the Court acknowledged the issue but did not rule upon its merits because "the contracting officer's decision does not address Gold Line's JP-4 deliveries . . . Nor has defendant brought a counterclaim or claim of setoff." Gold Line Refining,

Ltd. v. United States, 54 Fed. Cl. 285, 297 n.22 (2002).

Four days after this decision by the Court, Gold Line submitted to the contracting officer a claim comprised of similar pricing claims under multiple fuel delivery contracts. That claim included Gold Line's assertion that, contrary to its assertions supporting its initial JP-8 claim, Gold Line had been underpaid for the JP-4 jet fuel delivered under contract 0562. In the statement of damages and expert witness report that we filed with the Court, we noted that this claim had been submitted by Gold Line and was, then, being evaluated by the contracting officer. In his final decision upon Gold Line's JP-4 claim under contract 0562, the contracting officer found that if the price of the fuel were to be redetermined, then the Government has overpaid Gold Line under the contract.

Following the contracting officer's final decision, Gold Line filed its complaint in Gold Line II, in which Gold Line has asserted, among other claims under other contracts, that it was underpaid for the JP-4 that it delivered under contract 0562. Shortly after Gold Line filed Gold Line II, we respectfully requested the Court to consolidate Gold Line II with this case. In our motion to consolidate, we again raised the issue of recoupment and setoffs. The issue was addressed by both parties and the Court during the conference call hearing upon our motion to consolidate. The Court denied our request to consolidate. We, therefore, have respectfully requested the Court to allow us to assert the Government's defense of recoupment and setoff under

contract 0562 in this case. In light of the proceedings in this case, our request to amend has not been unduly delayed. To the contrary, our request to amend is appropriately timely considering the course of proceedings in this case.

Further, "'The mere fact that an amendment is offered late in the case is . . . not enough to bar it; amendments may be offered at trial, or even after reversal and remand.'" Senza-Gel Corp., 803 F.2d at 667 (quoting Howey v. United States, 481 F.2d 1187, 1191, n.3 (9th Cir. 1973); 3 J. Moore, Moore's Federal Practice, § 15.08, 0.835)); see also Brock & Blevins Co. v. United States, 170 Ct. Cl. 52, 59, 343 F.2d 951, 955 (1965) (accord and satisfaction defense raised four months after the trial court's opinion and findings of fact was issued); Siemens Aktiengesellschaft v. United States, 26 Cl. Ct. 312 (1992) (granting leave to amend answer to add defenses after motion for summary judgment). "'Where there is lack of prejudice to the opposing party and the amended [pleading] is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.'" Id. (quoting Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry, 648 F.2d 1252, 1254 (9th Cir. 1981); Howey v. United States, 481 F.2d at 1190-91).

Gold Line has, at best, complained of "[m]ere annoyance and inconvenience," which this Court has held is an insufficient basis to deny a motion for leave to file an amended answer. St. Paul Fire and Marine, 31 Fed. Cl. at 153. Moreover, absent

extreme circumstances, which are not present in this case, the purpose of rule 15(a) is to allow cases to be decided upon the merits:

> As the Supreme Court in Foman explained, "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."

Id. at 154. Allowing the amendment, which does not raise a new issue, will permit the Court to determine upon the merits whether Gold Line was underpaid for its fuel deliveries under contract 0562. The Court should, therefore, grant our motion to amend.

V. Gold Line's Reliance Upon Barrett Is Misplaced

As a final point, relying upon Barrett Refining Corp. v. United States, 242 F.3d 1055 (Fed. Cir. 2001), upon remand 50 Fed. Cl. 567 (2001), Gold Line argues that the affirmative defense of recoupment or setoff is "barred because the alleged overpayments were authorized." Gold Line's reliance upon Barrett is misplaced, and its argument upon this point lacks any factual support.

The court of appeals in Barrett held that the Government could assert counterclaims for overpayments:

> In sum, the government has stated a claim upon which relief can be granted. Moreover, the evidence shows that the payments made by the government were based upon an illegal price escalation clause and, thus, were unauthorized. As a consequence, and in the absence of any compelling equitable arguments to the contrary, the government has a right to seek and recover

the unauthorized payments it made.

Barrett, 242 F.3d at 1064.

Further, although we disagree with Gold Line's interpretation of the discussion in Barrett of what might constitute an unauthorized payment recoverable by the Government, determining whether a payment was unauthorized is an issue of fact, and Gold Line has provided no factual support for its assertion that "the alleged payments were authorized." Gold Line implicitly recognizes this by concluding, under its own improper analysis of Barrett, that "the affirmative defenses of setoff and recoupment are barred if the amount of the payment does not exceed the contract base price." Gold Line provides no factual basis for determining whether under its theories any payment did or did not exceed the contract base price.

More importantly, Barrett is distinguishable. Barrett involved multiple contracts and the Government's claims to recover payments from Barrett. In this case, we seek to determine whether Gold Line was underpaid as to a single contract, and the Government is not seeking to recover any payments from Gold Line.

Whether Barrett has any application to this case will depend upon the facts as they will be presented and a proper interpretation of the holding and instructions of the court of appeals in Barrett. If Barrett has any application to this case, it supports the Government's right to assert an affirmative defense of recoupment or setoff.

## CONCLUSION

For these reasons and the reasons contained in our motion to amend to assert an affirmative defense of recoupment or setoff, we respectfully request the Court to grant our request for leave to amend the answer to assert an affirmative defense of recoupment or setoff, and to order that the amended answer be filed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

BERNARD A. DUVAL
Counsel
HOWARD KAUFER
Assistant Counsel
Office of Counsel
Defense Energy Support Center
Fort Belvoir, VA

February 23, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2004, a copy of the foregoing document, "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO AMEND ANSWER TO ASSERT AFFIRMATIVE DEFENSE", was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Reginald T. Blades, Jr.