**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| GOLD LINE REFINING, LTD.,<br>through its trustee, Ben B. Floyd,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 98-543C<br>(Judge Hewitt) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FEBRUARY 23, 2004 REPLY**

Plaintiff, Gold Line Refining, Ltd., through its trustee, Ben B. Floyd, (hereinafter referred to as "Gold Line") respectfully submits this Response to Defendant's February 23, 2004, Reply to Plaintiff's Opposition to Defendant's Motion to Amend Answer to Assert Affirmative Defense ("Reply").

By its own words, Defendant acknowledges that granting its motion circumvents the Court's recent Order denying consolidation. Defendant's Reply states:

> The Court has denied our request to consolidate these two actions. We have, therefore, respectfully requested the Court to grant us leave to amend our answer in Gold Line I to assert an affirmative defense of recoupment or setoff as between the prices, as will be determined by the Court, for the JP-4 and the JP-8 delivered under contract 0562.
>
> Allowing the amendment will **effectively consolidate** Gold Line I with that portion of Gold Line II that relates to JP-4 delivered under contract 0562. Allowing the amendment permits the Court to consider in one action the claims concerning payment for the fuel, JP-4 and JP-8, delivered under contract 0562 and determine whether Gold Line was underpaid for the fuel delivered under contract 0562. *(Emphasis added).*

Def.'s Reply at 2.

Its Motion to Consolidate having been considered and denied, Defendant now seeks the same relief under a different label: this time as a motion to amend its Answer. In short, Defendant seeks to **effectively consolidate** Gold Line I and Gold Line II with respect to different petroleum products (JP-4 and JP-8), different payments, different times and deliveries, and different affirmative defenses. These are the factors cited by the Court in denying Defendant's Motion to Consolidate in the first instance.

On December 8, 2003, the Court denied Defendant's Motion to Consolidate this case with Gold Line II. The Court's Order stated, in part, at paragraph one:

> In view of the maturity of the litigation in this case and the preliminary stages of litigation in the related action, Floyd v. United States, case no. 03-2245C, as well as the different products, time frames, and potential affirmative defenses and counterclaims involved in the Floyd case, the court does not believe that consolidation of the two cases will enhance the efficiency of litigation of either case.

Simply put, Defendant now wants a "second bite at the apple" in the guise of a Motion to Amend its Answer. The Court should reject Defendant's effort to end-run its Order.

In the same vein, Defendant now says JP-4 and JP-8 were purchased under the same contract or transaction and should, therefore, be subject to the defense of recoupment. Def.'s Reply 6 - 10. Defendant's Reply echoes its November 10, 2003, Motion to Consolidate where Defendant stated:

> In fact, both complaints assert claims under the same or similar contracts for the delivery of petroleum fuel, principally jet fuel, between Gold Line and the Government. Gold Line I involves JP-8 jet fuel. Gold Line II involves JP-8 and JP-4 jet fuel and F-76 diesel fuel. The contract under which Gold Line asserts its claim regarding JP-8 jet fuel in Gold Line I is the same contract under which Gold Line asserts its claims regarding JP-4 jet fuel in Gold Line II.

Again, Defendant's Reply argues for the remedy already denied Defendant by the Court's December 8, 2003, Order. The Court considered, "the **different** products, time frames, and

potential affirmative defenses and counterclaims…." *(emphasis added)* involved in both cases and declined to consolidate because of these differences. Thus, different purchases were not part of the same transaction. Even though the Court decided there were differences, Defendant continues to argue there is sameness. Again, the Court should reject Defendant's attempt to end-run its Order.

Defendant says it "demonstrated" that if the JP-4 and JP-8 were re-priced then Gold Line was "overpaid." Def.'s Reply at 11. In fact, the only "demonstration" of an overpayment is the contracting officer's allegation in the final decision in Gold Line II that DESC has a counterclaim. A trial on the question of the fair market value of the JP-4 in Gold Line II is necessary before the Court can rule on the validity of DESC's alleged overpayment. Given the difference in maturity of Gold Line I and Gold Line II, it is not appropriate to consolidate a trial of the JP-4 deliveries with the JP-8 deliveries.

Finally, denying the motion will not prejudice Defendant. Defendant retains the right to challenge *quantum* in the trials of Gold Line I and Gold Line II.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion to Amend Answer to Assert Affirmative Defense be DENIED.

Respectfully submitted,

s/Ronald H. Uscher
Bastianelli, Brown & Kelley, Chtd.
Two Lafayette Centre
1133 21st Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 293-8815
(202) 293-7994 (facsimile)

Counsel for Plaintiff

*Of Counsel:*

Donald A. Tobin
Lori Ann Lange
Bastianelli, Brown & Kelley, Chtd.
Two Lafayette Centre
1133 21st Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 293-8815
(202) 293-7994 (facsimile)

Dated: February 27, 2004

M:\flyd\002\Response to February 23, 2004 Reply.doc