**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| GOLD LINE REFINING, LTD.,<br>Through its Trustee Ben B. Floyd,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 98-543C<br>(Judge Hewitt) |

AMENDED PROTECTIVE ORDER

Pursuant to RCFC 26(c), and upon the joint motion of Plaintiff, Gold Line Refining, Ltd. ("Gold Line"), and the United States, this Court hereby finds that there is good cause for the entry of this Order, and hereby ORDERS:

1. Plaintiff, the United States, and any third party including Plaintiff's expert witness, Baker & O'Brien, Inc. ("Baker & O'Brien") that objects to making discovery except pursuant to a Protective Order shall have the right to designate as confidential any document (as that term is defined in the Rules of the Court of Federal Claims) or other tangible items relevant to this litigation, including without limitation answers to interrogatories, responses to requests for admission, and any portion of deposition testimony or other testimony by any witness (collectively, "confidential material"), which contains or discloses (a) such party's or such person's confidential business information, trade secrets, or sensitive proprietary commercial, financial or research information which has not been released into the public domain, or (b) information the confidentiality of which the party making discovery is under a legal duty to protect.

2. Any document or other tangible item which a party or a third party claims is confidential and subject to the terms of this Order must be designated as such by conspicuously stamping the word "CONFIDENTIAL" on each page, or, in the case of deposition transcripts, by designating the transcript (or portions thereof) confidential on the record or by a letter to all counsel of record within 15 days of receiving the transcript.

3. The parties shall treat a deposition transcript as confidential until the 15-day period lapses, and thereafter shall treat the transcript in accordance with the provisions of this Protective Order.

4. Materials marked "CONFIDENTIAL" shall be used solely for the purposes of this litigation and not for any other business, personal, or other purpose whatsoever. Materials marked "CONFIDENTIAL" shall be disclosed only to the following individuals, in accordance with the terms of this paragraph, unless this Protective Order is modified by further Order of the Court: (a) the Judge assigned to this case and other court personnel, including court reporters assigned to take testimony at any deposition, hearing or trial in this case; (b) counsel of record for Plaintiff and the United States, the attorneys at the Department of Defense assigned to work on the case, the trustee or his designee, and other attorneys, paralegals, secretaries, or other clerical personnel assisting any of the foregoing individuals in the prosecution or defense of this case; (c) designated employees of the parties assisting with the prosecution or defense of this case; (d) any experts or consultants engaged by the parties or their counsel to assist in the prosecution or defense of this case, and clerical personnel assigned to assist such experts or consultants; (e) any person who was involved in the preparation of the document or information or who received a copy thereof; (f) a deponent solely for purposes of the deposition; and (g) any other person whom the Court may later deem to be entitled to view such confidential material.

5. Individuals not identified in paragraph 4, above, may receive materials covered by this Protective Order only upon the consent of the parties. A party proposing to add an individual(s) must do so by written notice to the other party. A party objecting to the addition of an individual(s) must do so within ten days of receipt of written notice. Any individual(s) to be added to this Protective Order must execute the confidentiality agreement, attached hereto as Exhibit "A".

6. It shall be the responsibility of counsel to bring this Protective Order to the attention of all persons identified in paragraphs 4 and 5 above, to whom they disclose confidential material, and to advise such persons that they are bound by the terms of this Protective Order. Persons to whom confidential material are made available shall agree to be bound by the restrictions in this Protective Order and (other than the Court, Court personnel, and court reporters) shall execute an agreement in the form of the confidentiality agreement attached hereto as Exhibit "A".

7. Defendant's inspection and copying of confidential or proprietary materials prepared by Plaintiff's expert witness, Baker and O'Brien, Inc. ("Baker & O'Brien") will proceed as follows:

a. Unredacted materials will be made available at a location(s) as may be agreed upon by the parties.

b. Upon inspection of these unredacted materials, Defendant may designate materials for copying. Defendant will not use any unredacted materials for any purpose.

c. Following Defendant's designation of materials for copying, Plaintiff and Defendant will confer and seek agreement, as to any part(s) of the materials Defendant designated for copying, to be redacted prior to actual copying and

release to Defendant. The parties agree that redacted material will include information that could identify a specific Baker & O'Brien client. For example, redactions will include but not be limited to, the following types of information:

- Client name and/or client location
- Name and/or location of facility
- Names of client employees

d. Only materials redacted under this paragraph (7) will be copied and furnished to Defendant for use in accordance with the Protective Order.

e. Once materials have been redacted they are no longer considered confidential. However, Defendant agrees to use such redacted materials solely in this litigation, or in litigation in which Baker & O'Brien may become an expert witness, and for no other purpose.

8. If an objection to a designation of material as confidential is made, counsel for the objecting party shall set forth the objection in writing to counsel for the designating party and, thereafter, such counsel and designating party shall meet and confer as soon as practicable in a good faith effort to resolve the dispute. In the absence of resolution, the objecting party may, as soon as practicable after the meeting and conference, file a motion to remove the confidential designation. Pending resolution of the motion, the material in controversy shall be treated as if it bears the confidential classification sought by the designating party, except as required by the Court or agreed upon in writing by the parties.

9. No document (including motions, briefs, depositions and exhibits) containing confidential material shall be filed with the Court unless filed separately under seal in an envelope with a legend on the envelope and documents substantially as follows:

> This envelope/document contains confidential information. Disclosure or use of such information is restricted. This document is filed under seal. Such documents shall be filed under seal and maintained under seal by the Court. Counsel of record who receive protected documents and information are responsible for abiding by the terms of the applicable protective order.

10. Within 60 calendar days after the conclusion of this litigation, all material designated as confidential and all copies thereof shall be returned to the producing party, along with a certification by the returning party that all copies (except those submitted to the Court) have been returned. Each party shall be entitled to retain one copy of any confidential material contained in pleadings (and attachments thereto), trial exhibits and transcripts. The limitations on disclosure contained in this Protective Order shall continue to apply to such retained materials.

11. Nothing in this order shall be construed to preclude or limit any party from opposing any discovery or claiming any privilege on any ground that would otherwise be available, nor shall production of any documents or information pursuant to this order be referred to or construed as an admission that the documents or information so produced are relevant or admissible into evidence in this case.

12. Nothing in this Order shall restrict a party from making use of confidential material produced by that party. A party may not, however, use for any purpose in this litigation confidential material not made available to the other party. Further, to the extent a party's use of its own confidential material causes that material to lose its confidential character, that party shall promptly notify the other party that the material is no longer confidential or subject to the terms of this Protective Order.

13. In the event any confidential material is used in any court proceeding, it shall not lose its protected status through such use. The parties shall take all steps reasonably required to

protect confidential material during such use, but the parties acknowledge that the use of such material during the trial of this case shall be governed by such procedures as the Court shall order.

IT IS SO ORDERED.

________________________________
Emily C. Hewitt
Judge

M:\FLYD\002\Protective Order-Amended.doc