BASTIANELLI, BROWN & KELLEY
CHARTERED
TWO LAFAYETTE CENTRE
1133 21ST STREET, N. W.
SUITE 500
WASHINGTON, D. C. 20036
(202) 293-8815

ADRIAN L. BASTIANELLI, III
J. MITCHELL BROWN *
PHILIP R. CROESSMANN *
JAMES A. KELLEY *
CHARLES M. REIFEL
RICHARD W. SCHWARTZMAN
GEORGE W. STIFFLER
DONALD A. TOBIN
RONALD H. USCHER *
NICK R. HOOGSTRATEN +
LORI ANN LANGE +
TINA S. TISINGER *

*ALSO ADMITTED IN VIRGINIA
+ALSO ADMITTED IN MARYLAND

ALSO OFFICES IN
BALTIMORE, MARYLAND
(410) 837-5206 AND
ALEXANDRIA, VIRGINIA
(703) 549-7016

FACSIMILE
(202) 293-7994

bbk@govconlaw.com

February 4, 2004

BY TELECOPY (202) 307-0972 AND BY MAIL

Reginald T. Blades, Jr., Esquire
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., Room 12130
Washington, DC 20530

RE: *Gold Line Refining, Ltd. v. United States*, No. 98-543-C
(Voluntary Discovery)

Dear Reggie:

Defendant's October 24, 2003, Responses to Plaintiff's September 12, 2003, Interrogatories were incomplete in three ways. Defendant failed to answer questions and produce documents about: (1) the phase-in of JP-8 as a replacement fuel for JP-4; (2) the Small Disadvantaged Business (SDB) Program; and (3) similar pricing cases pending against DESC.

Additionally, the Southwest Airlines data described in Defendant's letters of September 24, 2003, and December 7, 2003, has yet to be produced.

Plaintiff requests that Defendant voluntarily answer the interrogatories and produce the requested documents as described below. If Defendant intends to resist production of this information, please let me know early next week so Plaintiff may seek relief from the Court.

EXHIBIT
1

**Defendant's October 24, 2003, Responses**

1. JP-8 Conversion

Interrogatory No. 4.3 seeks information about whether or not DESC considered the gradual phase in of JP-8 on the U.S. Gulf Coast for the April 15, 1993, issuance of Solicitation No. DLA600-93-R-0161. Defendant objected to this question saying the term "gradual phase in" was vague. Defendant also said the phase in of JP-8 was not an issue in this case.

Attached is copy of a November 21, 1991, letter from General Stephen M. Bliss, DESC Commander. The letter describes DESC's "...plan to phase the conversion over several years with the initial deliveries to begin during October, 1993." The letter attaches a "JP-8 Conversion Chart" projecting JP-8 deliveries in four regions between October, 1993 - September, 1997 and the issuance of solicitations between 1992- 1994. Plaintiff's *quantum* case argues that because this was the first time DESC bought JP-8 on the U.S. Gulf Coast, there was no price history and no established market for JP-8. Plaintiff's interrogatory is directed at learning what DESC knew or considered about the conversion to JP-8 in Plaintiff's region during the delivery period of Plaintiff's contract. This line of inquiry is relevant to *quantum* and is reasonably calculated to lead to the discovery of admissible evidence.

For purposes of narrowing the scope of the interrogatory, and for producing documents, please consider the term "gradual phase in" to mean the period January 1, 1992 - December 31, 1997.

Please respond to this interrogatory by February 12, 2004.

2. SDB Program

Interrogatory Nos. 4.15 and 4.16 seek information about the SDB Program and how DESC administered that program, including a DESC proposal in the *Federal Register* to reduce the SDB premium from ten percent to five percent. Defendant objected to both interrogatories saying they have nothing to do with the issues in this case and are not calculated to lead to the discovery of admissible evidence.

Please note that: (1) Plaintiff was an SDB contractor; (2) Plaintiff's contract contained SDB premiums; and (3) Plaintiff's *quantum* case includes SDB premiums. Moreover, under *Urban Data Systems v. United States*, 699 F. 2d 1147 (Fed. Cir. 1983) price advantages that accrue to bidders with special status [SDB] in the federal procurement process should be considered in determining fair market value. Accordingly, how DESC administered the SDB program, including efforts to reduce SDB premiums, are relevant to Plaintiff's *quantum* case.

Please respond to this interrogatory by February 12, 2004.

3. Documents Requests (Similar Cases)

Document Request Nos. 4.7; 4.8; 4.10 and 4.11 seek documents relating to the background of Solicitation No. DLA600-93-D-0161, all offers under the Solicitation and all pricing indexes considered for use in the EPA clause of DESC contracts.

Please confirm whether or not all documents responsive to these interrogatories were produced for Plaintiff's inspection at Ft. Belvoir on November 13, 2003.

Document Request No. 4.21 seeks documents (reports, affidavits, testimony, publications, etc.) about Defendant's expert witnesses, in this case, and in similar DESC EPA cases pending in the U.S. Court of Federal Claims. Defendant objected to this request as not calculated to lead to the discovery of admissible evidence. As you know, more than twenty cases have been filed against Defendant because of Defendant's EPA clause. These cases all center on the operation of Defendant's EPA clause, including the valuation of petroleum products. Defendant's expert, Stancil &Co., prepared several expert reports and affidavits in this case.

Defendant may have retained different experts, in other EPA cases, who wrote reports, affidavits or opinions about the EPA clause or the valuation of petroleum products. What Defendant's experts said, in other cases, is relevant to the *quantum* issues in this case. At the very least, such evidence may permit the impeachment of Stancil & Co.

Please produce these documents by February 12, 2004.

**Southwest Airlines Data**

Plaintiff understands Defendant contacted Southwest Airlines to seek permission to release their data for a second time. As we have discussed this data will be made available to Plaintiff under a protective order.

With respect to the Southwest Airlines data please let Plaintiff know by February 12, 2004: (1) the status of Defendant's request to Southwest Airlines; (2) when Defendant expects to receive the data; and (3) when Plaintiff will receive a draft of Defendant's proposed protective order.

Please call if you have any questions.

Very truly yours,

Ronald H. Uscher

1 encl.

cc: Howard Kaufer, Esq. (w. encl.)
Defense Energy Support Center

p:rhudojltr.wpd

RECEIVED NOV 29 1991

COMMANDER
DEFENSE FUEL SUPPLY CENTER
CAMERON STATION
ALEXANDRIA, VA 22304-6160

21 November 1991

Mr. John A. Barrett, Jr.
President
Barrett Refining Corporation
23 East Ninth Street
Shawnee, Oklahoma 74801

Dear Mr. Barrett, Jr:

Recently, the United States Air Force and the United States Army jointly announced their intent to convert from naphtha-based JP-4 jet fuel to kerosene-based JP-8 in the continental United States. The decision was based upon the unquestionable advantages of JP-8 in the areas of safety, aircraft survivability, and environmental compliance. Jet A-1 will be used as the basic specification for the JP-8; it's low freeze point is necessary for many of the Air Force mission profiles.

The Defense Fuel Supply Center and the Military Services plan to phase the conversion over several years with the initial deliveries to begin during October,1993. The conversion will be conducted on a regional basis, and our current plan is enclosed. My staff and I also plan to personally meet with suppliers during this next year to discuss the conversion. Should your staff have any questions regarding the conversion, our point of contact is Mr. Donald Peschka at (703) 274-4317.

Sincerely,

STEPHEN M. BLISS
Brigadier General, USA

1 Encl

RECEIVED NOV 29 1991

# DEFENSE FUEL SUPPLY CENTER
## JP-8 CONVERSION CHART

| REGION | ISSUE RFP | MAKE AWARDS | DELIVERY PERIOD |
|---|---|---|---|
| WEST COAST<br>Includes CA, OR, NV, AZ, NM, WA (except Fairchild AFB), El Paso TX area | OCT 92 | MAR 93 | OCT 93-SEP 95 |
| EAST/GULF<br>Includes ME, NH, VT, MA, CT, RI, NY, NJ, DE, PA (except Pittsburgh area), MD, VA, NC, SC, East TN, GA, FL, AL, MS, LA, TX (except El Paso area) | APR 93 | SEP 93 | APR 94-MAR 96 |
| MIDWEST INLAND AREA<br>Includes W.VA, OH, KY, IN, MI, IL, WI, West TN, AR, MO, IA, MN, ND, SD (except Ellsworth AFB), NE, KS, OK, Pittsburgh Area | OCT 93 | MAR 94 | OCT 94-SEP 96 |
| ROCKY MOUNTAIN AREA<br>MT, ID, WY, UT, CO, FAIRCHILD AFB, ELLSWORTH AFB | OCT 94 | MAR 95 | OCT 95-SEP 97 |

PLEASE NOTE THESE ARE PLANNING DATES AND MAY CHANGE DEPENDING ON CIRCUMSTANCES
ALSO WE ARE TENTATIVELY PLANNING ON 2 YEAR CONTRACTS