IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GOLD LINE REFINING, LTD., through its trustee Ben B. Floyd, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 98-543 C (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY PROCEEDINGS IN THIS MATTER SHOULD NOT BE SUSPENDED

By order issued February 20, 2004, the Court directed the parties to show cause why proceedings in this matter should not be suspended pending consideration by the court of appeals of two cases involving legal issues substantially similar to the issues presented by plaintiff's ("Gold Line") complaint in this case. Defendant respectfully responds that proceedings in this matter should be suspended, and we respectfully request the Court to suspend proceedings. Gold Line will oppose suspension.

As the Court recognized in its order to show cause, on February 2, 2004, the United States Court of Appeals for the Federal Circuit granted interlocutory appeals from two decisions by this Court, Tesoro Hawaii Corporation v. United States, 58 Fed. Cl. 65 (2003), and Hermes Consolidated, Incorporated v. United States, 58 Fed. Cl. 409 (2003). The cases have been consolidated for consideration by the court of appeals, Tesoro Hawaii Corporation v. United States, No. 04-5064 (Fed. Cir.). Tesoro and Hermes are cases that are similar to this case by Gold Line. The plaintiffs in all three cases challenge whether an economic price adjustment clause contained in Government

contracts for fuel was properly included in their contracts, and the Government in all three cases has asserted that the clause was properly included in the contracts and that, in any event, plaintiffs had waived any ability to pursue a challenge to the clause. These controlling issues of propriety and waiver will be considered by the court of appeals in Tesoro, and the court's decision will directly affect further proceedings in this case.

Given that these controlling issues are currently being considered by the court of appeals, further proceedings in this case are not likely to be productive, having a substantial likelihood of failing to address necessary issues or causing the parties and the Court to expend scarce resources and time upon issues that are unnecessary to proper resolution of the case. In fact, a decision by the court of appeals in favor of the Government upon either propriety or waiver may lead to the dismissal of some or all of the counts of Gold Line's complaint and, in any event, would drastically alter any further proceedings in this case. In this circumstance, conducting any further proceedings would be contrary to Rule 1 of this Court, which requires that the rules of the Court be construed and administered to secure efficient and inexpensive determination of the action.

Rule 1 requires also the speedy determination of the action, and Gold Line's only argument against suspension at this time is to highlight the maturity of this case and the substantial progress that the parties have made in preparing this case for

trial. Although the case is relatively mature and the parties have made substantial progress toward preparing the case for trial, the possibility that much of the work that has been done and any work that may be done without waiting for the guidance of the court of appeals could be an unnecessary waste of the scarce time and resources of the parties and the Court overshadows any idea of pressing forward in the hope that the work will not be wasted. Performing potentially wasted work will not provide a quicker resolution of the case. Waiting for the court of appeals to rule in Tesoro will improve the efficiency and control the costs of these proceedings.

Confronted with these same circumstances and based upon this same reasoning, the proceedings in the following similar cases pending before the Court have been suspended pending a decision by the court of appeals in Tesoro:[1] Sinclair Oil Corp. v. United States, 02-464C (Judge Baskir Nov. 19, 2003); Kern Oil & Refining Co. v. United States, 03-1623C (Judge Sypolt Dec. 17, 2003 (trans. to Judge G. Miller)); Calcasieu Refining Co. v. United States, 02-1219C (Judge C. Miller Feb. 6, 2004); Valero Refining – Texas, L. P. v. United States, 03-1916C (Judge Firestone Feb. 18, 2004); Western Refining Company, L. P. v. United States, 03-2669C (Judge Firestone Feb. 18, 2004); ATOFINA Petrochemicals, Inc. v. United States, 03-538C (Judge G. Miller Feb. 24, 2004); Giant Industries, Inc. v. United States, 03-291C (Judge G. Miller

[1] While working on Hermes, Judge Block suspended proceedings in El Paso Merchant Energy – Petroleum Company v. United States, 02-1094C (Aug. 18, 2003).

Feb. 24, 2004); Williams Alaska Petroleum, Inc. v. United States, 02-705C (Judge Wiese Feb. 10, 2004 bench ruling);[2] Phoenix Petroleum Co. v. United States, 97-315C (Judge Margolis March 3, 2004); Sunoco, Inc. v. United States, 02-466C (Chief Judge Damich March 5, 2003).[3]

Finally, although the parties disagree as to whether the proceedings should be suspended, the parties agree that if the Court suspends proceedings that the parties should be allowed so far as they can agree to conclude currently pending document discovery.

For these reasons, we respectfully request the Court to suspend further proceedings pending a final decision by the court of appeals in Tesoro Hawaii Corporation v. United States, No. 04-5064 (Fed. Cir.), except to the extent that the parties can agree with regard to concluding currently pending document discovery.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/David M. Cohen
DAVID M. COHEN
Director

[2] Judge Wiese had previously suspended proceedings in the following cases pending resolution of Williams Alaska: Exxon Mobil Corp. v. United States, 02-1217C; Conoco Phillips v. United States, 02-1367C; Placid Holding Company v. United States, 03-1216C.

[3] Chief Judge Damich had previously suspended proceedings in the following cases pending a decision in Sunoco: Chevron Texaco v. United States, 03-288C; Marathon Ashland Corp. v. United States, 02-1218C.

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

BERNARD A. DUVAL
Counsel
HOWARD KAUFER
Assistant Counsel
Office of Counsel
Defense Energy Support Center
Fort Belvoir, VA

March 12, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March, 2004, a copy of the foregoing document, "DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY PROCEEDINGS IN THIS MATTER SHOULD NOT BE SUSPENDED", was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Reginald T. Blades, Jr.