Defendant's Motion to Consolidate this case with *Ben B. Floyd, Trustee of the Bankruptcy Estate of Gold Line Refining, Ltd. v. United States*, No. 03-2245C (Fed. Cl.) (Judge Hewitt) ("Gold Line II") was denied on December 8, 2003. The Court ruled:

> In view of the maturity of the litigation in this case and the preliminary stages of litigation in the related action, Floyd v. United States, case no.03-2245C, as well as the different products, time frames, and potential affirmative defenses and counterclaims involved in the Floyd case, the court does not believe that consolidation of the two cases will enhance the efficiency of litigation of either case. See Rule 1, of the Rules of the Court of Federal Claims (RCFC) (stating that the RCFC "shall be construed...to secure the just, speedy, and inexpensive determination of every action").

Consolidation would have delayed resolution of the instant litigation much like the stay now under consideration.

## II. THE FEDERAL CIRCUIT MAY NOT RESOLVE THE PMM ISSUE IN GOLD LINE I

Three issues are now on appeal at the Federal Circuit: (1) an EPA clause indexed to *Petroleum Marketing Monthly* (PMM); (2) waiver; and (3) clause deviations. However, waiver and clause deviations are not issues here.

In *Tesoro Hawaii* and *Hermes Consolidated* the presiding judges certified several entitlement questions for interlocutory appeal under 28 U.S.C. § 1292(d)(2). Judge Block in *Hermes Consolidated* certified two questions:

> (1) Was DESC's promulgation of the economic price adjustment clause indexed to the PMM unauthorized?
>
> (2) May defendant assert the defense of waiver to bar Wyoming from pursuing a remedy for DESC's unauthorized fuel prices?

Judge Bruggink in *Tesoro Hawaii* certified three questions:

> (1) Did DESC establish the price of fuel in violation of law by employing economic price adjustment clauses indexed to PMM?