IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GOLD LINE REFINING, LTD., Plaintiff, | ) | |
| v. | ) | No. 98-543 C (Judge Hewitt) |
| THE UNITED STATES, Defendant. | ) | |

UNOPPOSED MOTION TO CONTINUE STAY OF PROCEEDINGS

Plaintiff, Gold Line Refining, Ltd., hereby moves to continue the current stay of proceedings in this case, and for grounds states:

Background

By Order filed March 30, 2004 (Docket No. 145), the Court stayed the proceedings in this case (with limited exception) during the consideration by the United States Court of Appeals for the Federal Circuit of Tesoro Hawaii Corporation et al. v. United States, No. 04-5064. On April 26, 2005, the Court of Appeals issued its decision. Tesoro Hawaii Corporation et al. v. United States, 405 F.3d 1339 (Fed. Cir. 2005). A petition for rehearing was filed and subsequently denied on August 22, 2005. Tesoro Hawaii Corporation et al. v. United States, No. 04-5064, 2005 U.S. App. LEXIS 19620 (Fed. Cir. Aug. 22, 2005).

The time for filing a petition for a *writ of certiorari* in Tesoro has now expired without such a filing. It is the understanding of undersigned counsel that the Tesoro litigation will now return to this Court for resolution of the merits of the remaining causes of action.

Motion

The Plaintiff moves the Court to continue the stay of proceedings in this case until the merits of the remaining counts in either Tesoro Hawaii Corp. and Tesoro Alaska Company v. United States, No. 02-704 C ("Tesoro Hawaii) or Hermes Consol., Inc. v. United States, No. 02-1460 ("Hermes")[1] are litigated. Because the legal issues in Tesoro Hawaii and Hermes are substantially identical to those in the instant case, judicial economy would be served by avoiding repetitious pleadings, discovery and potential motions.[2] Because of this identity of issues, Plaintiff believes that the outcome in Tesoro Hawaii or Hermes, whichever concludes first, is almost certain to dictate the parties' actions in this case. Rather than litigate the same issues on two parallel tracks, the resources of the Court and the parties would be saved by litigating one case fully before deciding what actions, if any, should be taken on the instant case. Tesoro Hawaii and Hermes are the best candidates for the "test case" because they are the most developed.

WHEREFORE, on behalf of the parties, Plaintiff respectfully moves that the Court continue the current stay of proceedings in this case pending the resolution, including any appeals, of the earlier of Tesoro Hawaii Corp. and Tesoro Alaska Company v.

---

1 These two cases were consolidated on appeal by the Federal Circuit in the Tesoro appeal, but are before this Court separately.

2 In response to these same arguments, Judge G.W. Miller issued an order on December 2, 2005 staying two jet fuel pricing cases before him, *Atofina Petrochemicals, Inc. v. United States*, No. 03-538 C and *Giant Industries, Inc., et al. v. United States,* No. 03-291 C, pending resolution of one of two other identical cases before him: (a) *Berry Petroleum Co., v. United States*, No. 02-1462 C and (b) *Gary-Williams Energy Corp v. United States*, No. 03-2106 C. In a similar development, on November 15, 2005, Chief Judge Damich entered an order staying *Shell Oil Company v. United States*, No. 04-1240 pending resolution of either *Sunoco, Inc. v. United States,* No. 02-

United States, No. 02-704 C or Hermes Consol., Inc. v. United States, No. 02-1460.

Defendant's counsel has stated that Defendant will not oppose this Motion.

Respectfully submitted,

s/ Ronald H. Uscher
RONALD H. USCHER
Peckar, Abramson, Bastianelli
& Kelley, LLP
1133 21 Street, N.W., Suite 500
Washington, DC 20036
Telephone: (202) 293-8815
Facsimile: (202) 293-7994

Attorney for Plaintiff

Date: December 12, 2005

466 or *Chevron U.S.A., Inc. v. United States*, No. 03-288.

CERTIFICATE OF FILING

I certify under penalty of perjury that on this 12th day of December, 2005, a copy of the foregoing, "Unopposed Motion to Continue Stay of Proceedings" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Ronald H. Uscher

m:/FLYD/002/12-12.doc